### 6633.  MORGAN *v.* THE STATE.

1. It was within the discretion of the trial judge to permit the prosecuting attorney to propound leading questions to a witness introduced for the State; and it was not error requiring a new trial for the judge to say to counsel, in the hearing of the jury, as his reason for allowing leading questions, that the witness seemed to be "an unwilling witness."

2. It was not error to refuse to allow counsel to ask a witness, on cross-

examination, whether she had an illegitimate child. The witness could not be impeached or discredited by proof of that fact.

3. It was not error to refuse to allow parol proof that a witness had been convicted of crime.

4-5. The evidence authorized the verdict, and there was no substantial merit in any of the assignments of error.

DECIDED SEPTEMBER 18, 1915.

Accusation of sale of liquor; from Polk superior court—Judge Davis. May 3, 1915.

*William Janes, F. A. Irwin,* for plaintiff in error.

*J. A. Wright, solicitor, E. S. Ault,* contra.

WADE, J. 1. The first ground of the amendment to the motion for a new trial complains that the court erred in permitting the solicitor to lead one of the State's witnesses, and that in so doing the court made the following remark: "You can lead the witness, he seems to be an unwilling witness, and I will allow you to lead him." It is within the sound discretion of the trial judge to permit leading questions to be propounded to a witness, or he may sustain objections thereto, as the ends of justice and the ascertainment of the truth seem to require. Penal Code, § 1045; *Peterson* v. *State.* 6 *Ga. App.* 491-493 (65 S. E. 311); *Cabaniss* v. *State,* 8 *Ga. App.* 129-130 (68 S. E. 849); *Taylor* v. *State,* 121 *Ga.* 348 (49 S. E. 303). And in allowing the leading questions the judge has the right to give his reasons for so doing. *Croom* v. *State,* 90 *Ga.* 430 (17 S. E. 1003); *Scarborough* v. *State,* 46 *Ga.* 33; *Hall* v. *State,* 7 *Ga. App.* 115 (5), 119 (66 S. E. 390). See also *Moore* v. *State,* 130 *Ga.* 322 (5), 334 (60 S. E. 544).

2. The second ground of the amendment to the motion for a new trial complains that the court erred in refusing to allow defendant's counsel to ask the State's witness Jessie Hanah the following question for the purpose of discrediting the witness: "State whether or not you have an illegitimate child?" The fact that the witness may or may not have had an illegitimate child is wholly irrelevant to the issue on trial, and the witness could not be impeached or discredited by proof of specific acts of unchastity. *Rudolph* v. *State,* 16 *Ga. App.* 353 (6-7) (85 S. E. 365); *Black* v. *State,* 119 *Ga.* 746 (47 S. E. 370); *McDuffie* v. *State,* 121 *Ga.* 580 (49 S. E. 708); *Gossett* v. *State,* 123 *Ga.* 431-441 (51 S. E. 394).

3. The third ground of the amendment to the motion for a new trial complains that the court erred in refusing to permit the witness

Duke to answer the following questions: "How many times have you been convicted in this court for gambling? How many times have you been convicted in this court for pointing a pistol? How many other offenses have you been tried and convicted for in this court?" This assignment of error is without merit. The record of the defendant's conviction of the various offenses mentioned would be the highest and best evidence of the conviction. *Green* v. *State,* 125 *Ga.* 742 (6) (54 S. E. 724).

4. The 4th ground of the amendment to the motion for a new trial complains that the court erred in charging the jury: "If you are satisfied that the defendant is guilty of the charge made, at any time within two years prior to the date of indictment, beyond a reasonable doubt, it is your duty to society to convict," etc.; the error complained of being that this instruction excluded from the jury the only issue made by the defendant's statement, to wit, whether he had sold any liquor since the 13th day of June, 1914, when he was arrested and pleaded guilty. The record fails to disclose any evidence of a former conviction, nor did the defendant file a plea of former jeopardy. There was no evidence introduced in behalf of the defendant, and this issue depends upon the defendant's statement alone. There was no timely written request for instructions applicable to this issue. We therefore think that this assignment of error is without substantial merit. *Gray* v. *State,* 6 *Ga. App.* 428 (3), 432 (65 S. E. 191); *Pitts* v. *State,* 14 *Ga. App.* 283-284 (80 S. E. 510); *Jordan* v. *State,* 9 *Ga. App.* 578 (71 S. E. 875); *Cobb* v. *State,* 11 *Ga. App.* 52 (74 S. E. 702).

5. The evidence authorized the verdict, there is no substantial merit in any of the various assignments of error, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.*