Hollis *Fort*, solicitor-general, contra.

## 22765. SANDERS v. THE STATE.

HOOPER, J. 1. "The rule is well settled that the testimony of an accomplice in a felony case must be corroborated by some independent fact or circumstance which, taken by itself, leads to the inference not only that a crime has been committed but that the defendant is implicated in its commission. Proof of the corpus delicti independently of the evidence of the accomplice, is corroborative of the guilt of the accomplice, but does not at all corroborate his testimony as to the guilt of another." *Altman* v. *State*, 5 *Ga. App.* 833 (63 S. E. 928).

2. While in the instant case the testimony relied on to corroborate that of the State's witness Little, who was a self-confessed accomplice, showed that defendant Sanders was seen in company with codefendant Kitchen and with witness Little during the day preceding the night on which the burglary was committed, and that they were seen together between 9 and 10 o'clock of that night (the evidence not showing at what time the burglary was committed), and that said Little and Kitchen, about 6 o'clock the next morning, together came to the store of a certain witness, and that Sanders later in the day also came to said store, this was not sufficient corroboration, under § 1017 of the Penal Code, of the testimony of the accomplice, to authorize the verdict of guilty. See *Childers* v. *State*, 52 *Ga.* 106; *Smith* v. *State*, 7 *Ga. App.* 781 (68 S. E. 335); *Bishop* v. *State*, 9 *Ga. App.* 205 (70 S. E. 976). The case is not altered by the testimony in the record, admitted over the objection of this defendant, that on the day after the burglary Kitchen was overheard saying to Little, "Don't you tell anything at all up there; if you do we will all three get 20 years apiece;" it not appearing from the record that the declaration of said alleged conspirators was made in the presence of the defendant, or "during the pendency of the criminal project," or during its subsequent concealment. Penal Code, § 1025; *Byrd* v. *State*, 68 *Ga.* 661.

3. The trial judge therefore erred in overruling the general grounds of the defendant's motion for a new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED DECEMBER 22, 1932.

*R. Douglas Feagin, J. E. Feagin,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.