23814. DANIEL *v.* THE STATE.

DECIDED MARCH 9, 1934.

*C. G. Battle,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

GUERRY, J. It is only necessary to say that where, on a trial for burglary, the evidence shows that a person residing in the burglarized house was awakened in the early morning hours by a noise, and on investigation saw the defendant *coming out* of the back of the house, and on further investigation discovered that a window in the back of the house and the refrigerator door inside the house, which were closed when the occupants of the house retired for the night, were open, and where it is further shown that the defendant was a few minutes later apprehended running only a few blocks from the scene of the crime, the evidence authorizes a finding that the defendant was guilty of the crime charged. On the question of breaking and entering the prosecutrix testified: "I saw him [the defendant] as he was *leaving* my back porch. . . When we came down we found the small window in the butler's pantry was open, and the refrigerator door was open. Those places were closed when we retired for the night. . . When I found this window open and found this defendant *going out of my porch* I naturally screamed. . . We heard the latch open in the back, and I was standing there and could see if anyone came out, and, as I looked, *this boy came out,* and ran across the yard. . . I saw this person [the defendant] *coming out of the back door. . .* I saw him *come out* of the door and run." This evidence authorized, if it did not demand, a finding that the defendant broke and entered the house, and authorized a conviction of burglary under section 146 of the Penal Code, and did not only show a breaking, so that section 178 would apply. We find no error of law, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*