25585. BROWN *v*. THE STATE.

DECIDED MAY 27, 1936.

*Ozé R. Horton*, for plaintiff in error.
*Hal C. Hutchens*, solicitor-general, contra.

GUERRY, J. Henry Brown and Edward Peace were jointly indicted for burglary. Edward Peace pleaded guilty and testified at the trial of Brown that he and Brown (the defendant) jointly committed the burglary, giving the details of the transaction. Independently of the testimony of Peace, the defendant's accomplice, the evidence for the State showed that Peace and Brown were together the day preceding the burglary in the vicinity of the store which was burglarized. The defendant was red-headed, and two men, one of whom was red-headed, were seen about fifty yards from the store about nine or ten o'clock that night. The owner of the store testified: "I have not recovered any of them articles [the articles stolen from the store.] Mr. Brown has a few of them. I have seen those articles in his possession. Those articles in Mr. Brown's possession were my goods." This evidence serves to connect the defendant with the crime, independently of the testimony of Peace; and the court did not err in overruling the motion for new trial.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

390

Broyles, C. J., dissenting. "The testimony of an accomplice in a felony case must be corroborated by some independent fact or circumstance which, *taken by itself*, leads to the inference not only that a crime has been committed, but that the defendant is implicated in its commission. Proof of the corpus delicti, independently of the evidence of the accomplice, is corroborative of the guilt of the *accomplice*, but does not at all corroborate his testimony as to the guilt of another." (Italics mine.) *Allman v. State, 5 Ga. App.* 833 (63 S. E. 928); *Sanders v. State, 46 Ga. App.* 175 (167 S. E. 207). In the instant case the testimony of the accomplice was not corroborated by any other evidence which, taken by itself and independently of the testimony of the accomplice, authorized the defendant's conviction. The prosecutor himself admitted on cross-examination that he could not identify as his goods the articles found in the defendant's possession. He testified: "There was no mark on the stuff of any kind at all. I saw the goods lying there in a pile, and it is just my assumption that they are the ones that came from my store."