### 32127.   FLEWELLEN *v.* THE STATE.

GARDNER, J. The defendant was convicted of burglary on an indictment in three counts relative to the same transaction. In the first count he was charged with breaking and entering a dwelling house with intent "to commit a larceny." In the second count he was charged with breaking and entering a dwelling house with intent "to commit a felony . . , to wit, to have sexual intercourse with a female child under the age of

14 years." In the third count he was charged with intent to commit an assault upon said female child amounting to a felony, but which assault the grand jury were unable to define more definitely. The evidence is clear that the defendant broke and entered the house in question. Just before he entered the house he put his hand through a window from the outside and assaulted and beat the female in question with a pair of scissors. Thereafter, he broke through a screen window at the back of the house, entered it, and went into the room where there were eleven small children besides the girl in question. He went to one of the younger children and shook her. The girl in question whom he had struck had crawled under the bed. She admonished him not to molest the other child, who was asleep. About this time the parents of the children who were left in the house drove up in an automobile. As they drove up, the defendant was standing in the yard. He asked the father of one set of the children to carry him to Barnesville. This request was refused. Upon entering the house the parents learned what had happened to the children. The father went outside, and the defendant was gone. It does not clearly appear from the evidence why the defendant left the house, but we think that the jury were authorized to find that he became frightened either from the protest of the children on the inside, or the approach of the parents to the house in a car. It happened about 12 o'clock at night. The purpose of the parents leaving the children in the house was to carry the mother of one set of children to a doctor. The evidence was undisputed that the house was locked and the screens drawn when the parents left, and the door of the house through which the defendant left the house was unlocked and the screen was broken when the parents returned. We hold that the jury were authorized, under the evidence, to find that the defendant broke into and entered the house for at least one of the purposes specified in the indictment. The assignments of error are on the general grounds only. The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 22, 1948.

*Dobbs & Whitmire,* for plaintiff in error.
*Frank B. Willingham, Solicitor-General,* contra.