## 39886. GRIFFIE v. THE STATE.

JORDAN, Judge. Johnnie Henry Griffie, Jr., under an indictment charging him with the offense of larceny of an automobile, was tried and convicted in the Superior Court of Fulton County. His amended motion for new trial on the general and four special grounds was denied and the excepton is to that judgment. *Held:*

1. The trial court did not err, as contended in special ground 1, in allowing a witness for the State to testify in regard to certain facts disclosed to him in a telephone conversation, over the objection of the defendant's counsel that said testimony constituted hearsay. The testimony was admissible under the provisions of *Code* § 38-302 for the purpose of illustrating and explaining the subsequent conduct of the witness, *Coleman v. State,* 127 Ga. 282 (56 SE 417); and the trial judge specifically instructed the jury that said testimony was admitted "for the sole purpose of illustrating the conduct of the witness, if it does so illustrate his conduct and for no other purpose," and further cautioned the jury to "consider it for no other purpose."

2. The evidence in this case authorized the jury to find that an alleged accomplice, speaking in the presence and hearing of the defendant, had admitted that they, that is—the defendant and himself, had stolen the automobile in question; and that the defendant had remained silent and thus acquiesced in said statement. Under these circumstances it was not error for the court to give in charge to the jury the principles

of law relating to admissions by silence or acquiescence, *Davis v. State,* 114 Ga. 104, 109 (39 SE 906); *Mathis v. State,* 55 Ga. App. 727 (191 SE 272); and special ground 2, which assigns error on an excerpt from the charge of the court on such matter as being unwarranted by the evidence, is without merit.

3. An objection to evidence as being irrelevant, immaterial and without probative value is too general to raise a question for determination by this court. *Kent v. State,* 105 Ga. App. 312, 314 (124 SE2d 296). Special grounds 3 and 4, which assign error on the admission of evidence over such objection, are therefore without merit.

4. The evidence was sufficient to authorize the verdict and the general grounds are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED FEBRUARY 14, 1963.

*Sylvia Levitt, Ben S. Atkins,* for plaintiff in error.

*Paul Webb, Solicitor General, Thomas R. Luck, Jr., Eugene L. Tiller,* contra.