46043.   BASS v. THE STATE.

PANNELL, Judge. The defendant was tried and convicted of the offense of burglary under Section 26-1601 of the Criminal Code, which provides that "[a] person commits burglary when, without authority and with the intent to commit a felony or theft therein, he enters . . . any building . . ." etc. He entered an appeal to this court from the overruling of his motion for new trial and the judgment of conviction and sentence. *Held:*

1. That the indictment alleged that the defendant did "feloniously enter" the building from which the goods were stolen rather than using the words "without authority" as provided in the statute does not prevent the indictment from alleging the crime defined. The entering "without authority" under the statute is a felonious entry.

2. The evidence adduced on the motion to suppress was sufficient to authorize the arrest without a warrant as well as the search of the automobile where the burglar's tools and stolen merchandise were viewed and seen without a search of the automobile. *Code* § 27-207. A witness to the burglary informed officers it was taking place and described the automobile being used. The police officers converged on the scene and stopped the vehicle of the participants as it was leaving the scene. See *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647); Ortiz v. United States, 317 F2d 277, 278.

3. The defendant, having introduced evidence on the hearing, the trial court did not err in permitting the prosecuting attorney to make the opening and closing arguments upon resumption of the trial in the pre-sentence hearing, after the jury had found the defendant guilty.

4. The trial court did not err in refusing to direct a verdict (*Pritchard v. State,* 224 Ga. 776 (2) (164 SE2d 808)) and the evi-

dence was sufficient to authorize the verdict found, and there was no error in overruling the motion for new trial for any reason assigned.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
SUBMITTED MARCH 1, 1971—DECIDED APRIL 7, 1971—
REHEARING DENIED APRIL 28, 1971.

*Byrd, Groover & Buford, Garland T. Byrd,* for appellant.
*Jack J. Gautier, District Attorney, Richard Joneal Lee, Fred M. Hasty,* for appellee.