## 46629. CONEY v. THE STATE.

EBERHARDT, Judge. Jerome Coney was indicted, tried and convicted of a charge of burglary and he appeals from the judgment of ·conviction, enumerating as error (1) overruling of his motion for new trial, as amended, (2) overruling of his motion for a directed verdict of acquittal, and (3) instructing the jury that a verdict might be returned, if the jury should find the evidence to authorize it, on the lesser charge of criminal trespass. *Held:*

1. The questions raised by the general grounds of the motion for new trial are whether the jury was authorized to find that the defendant entered the home of Mrs. Ruthie Jackson, and, if so, whether it was done with the intent to commit a felony, as was charged in the indictment.

(a) The defendant denied having been in or about the home of Mrs. Jackson, but her description of him to the police in reporting the matter was sufficient for the jury to conclude that it identified him as the one who had unlawfully entered her home. She described him as having been dressed in a white sweat shirt with the sleeves cut off, blue jeans or dungarees, and dirty white tennis shoes. Policeman Burnham, one of the officers who answered a call relative to the matter and who participated in the defendant's arrest, testified that when arrested the defendant wore a white short-sleeved shirt, "like a T-shirt, only a little looser," with "blue britches and white

tennis shoes." He further testified that just prior to the arrest he had seen the defendant near the back of Mrs. Jackson's home and that when the lights were turned on him he ran through some bushes and briars at the back of the house, whereupon Officer Burnham and another officer got into the police car and drove over on the street a block away and found the defendant wearing the same clothes, going toward town.

(b) On the matter of intent, Mrs. Jackson testified that at about 9:15 p.m. she heard noises in her yard just outside the bathroom window, that she went to the front door, opened it and looked out, saw the bushes at the corner of the house move, concluded that it was a dog, and went back to the bathroom, and then heard noises in the kitchen which sounded like the rattle of silverware; that she went to the kitchen but saw nothing, and went toward the utility room which was back of the kitchen, to get some clothes, and then saw defendant to her right and about four steps away. He suddenly jumped toward her and she went back into the kitchen, shut the door and locked it by pressing a button in the door knob, and went to the bedroom to get a pistol. She heard the glass in the ditchen door break, and when she got back to the kitchen defendant was standing there inside. The glass just above the door knob had been knocked out and the door opened by turning the knob from the inside. "I cocked the hammer of the gun and shot . . . [The bullet] went right past his head. The gun jumped when I shot. He acted like it stunned him for a second, and then he *kept coming towards me.* It seemed he was trying to grab me . . . his hands were reached out and he kept coming toward me. I cocked the hammer on the gun to shoot again, and he turned on his heel and ran out the door. I then went back into the bedroom to call the police and while talking to the operator I looked around and [the defendant] was standing in the bedroom door—just looking. I dropped the receiver and ran toward him with the gun. I cocked the gun to shoot and he ran out the door,

and as he left I shot through the second pane of glass in the door. He went out to the end of the carport, and kept stepping behind the house and out again until he saw some lights pull up into the yard. It was the police car."

The matter of whether defendant intended to commit a felony when he entered the house was for determination by the jury under the facts and circumstance proved. *Thompson v. State,* 76 Ga. App. 239 (3) (45 SE2d 675). Generally, specific intent must be proved by circumstantial evidence. *Flewellen v. State,* 77 Ga. App. 804 (49 SE2d 921). And the fact that the defendant did not accomplish his apparent purpose does not render a finding of burglary improper. *White v. State,* 7 Ga. App. 596 (67 SE 705); *Daniel v. State,* 48 Ga. App. 789 (4) (173 SE 485).

The facts and circumstances proved here were sufficient to authorize a finding that the defendant entertained an intent to commit a felony when he entered the house. The entering of the house without authority from the owner or occupant is, itself, a felonious entry under *Code Ann.* § 26-1601 (*Bass v. State,* 123 Ga. App. 705 (182 SE2d 322)); and since there was ample proof of the unauthorized entry, the jury could logically conclude that, having committed one felony, his conduct after entry indicated an intent to commit another. The general grounds are without merit.

2. For the same reason there was no error in overruling defendant's motion for directed verdict of acquittal.

3. Appellant enumerates as error the submission to the jury by the court the matter of whether the defendant might have been guilty of the lesser crime of criminal trespass. The grand jury had returned two indictments, one for burglary and one for criminal trespass, but he was placed on trial under the burglary indictment. That there could have been a conviction of the lesser offense under the facts proved is readily apparent, and it was not error to charge thereon. *Kiser v. State,* 172 Ga. 488 (157 SE 681); *Elder v. State,* 224 Ga. 704 (164 SE2d 118). This is

especially true where the conviction was for the greater offense. *Brawner v. State,* 221 Ga. 690 (2) (146 SE2d 737). Moreover, the inclusion of the charge on criminal trespass rendered it more favorable to the defendant, affording the jury opportunity to return a verdict for an offense which carries a lesser penalty, and even if error, it was harmless.

*Judgment affirmed. Hall, P. J., and Evans, J., concur. Whitman, J., not participating.*

SUBMITTED OCTOBER 5, 1971—DECIDED NOVEMBER 18, 1971.

*Thomas M. Jackson,* for appellant.
*Albert D. Mullis, District Attorney,* for appellee.