### 47647.   FULLEWELLEN v. THE STATE.

DEEN, Judge. This defendant and another were apprehended by police at an apartment on the second floor of a multi-unit apartment house in the act of attempting to pry open the front door. The defendant had placed a tire pry bar under the door and the other man had a screwdriver; the door showed marks of the attempt. On arrest and search it was found that Fullewellen possessed a bag

of heroin. He was convicted of attempt to commit burglary and possession of narcotics, and enumerates error only on the failure of the trial court without request to charge the misdemeanor offense of criminal trespass.

Burglary (*Code Ann.* § 26-1601) is committed when the defendant "enters or remains within the dwelling house of another," "with the intent to commit a felony or theft therein," and an attempt to enter for this purpose would constitute the crime of attempted burglary. Criminal trespass involves (*Code Ann.* § 26-1503) (a) intentional damage of $100 or less to the property of another; (b1) illegal entry upon the premises of another for an unlawful purpose. An attempt to commit a misdemeanor receives misdemeanor punishment. *Code Ann.* § 26-1006.

The sole enumeration being failure to charge "the lesser included offense of criminal trespass . . . as it was demanded by the evidence" is obviously without merit since there is no evidence as to the amount of damage done the door and whether it was more or less than $100 (under *Code Ann.* § 26-1503 (a)), for which reason no conviction could stand under that subsection, and there is no evidence of entry under *Code Ann.* § 26-1503 (b1), for which reason the defendant must no less have been acquitted thereunder.

It is true, although not contended to be error, that an *attempt* to commit a criminal trespass might be involved if criminal trespass would have been involved had the attempt at entry succeeded. This is true in the sense that all burglary involves unauthorized entry on the premises of another (we are not discussing, of course, situations with an initial lawful entry and unlawfully remaining on the premises) for the purpose of committing a felony or theft, and criminal trespass involves illegal entry (we are not discussing situations involving failure to leave after request, etc.) for an unlawful purpose other than a felony or theft. Where on trial for burglary the court in fact charged criminal trespass, and error was assigned on the charge of the lesser offense, this court held that "the

570

inclusion of the charge on criminal trespass rendered it more favorable to the defendant, affording the jury opportunity to return a verdict for an offense which carries a lesser penalty, and even if error, it was harmless." *Coney v. State,* 125 Ga. App. 52 (3) (186 SE2d 478). That case, citing *Bass v. State,* 123 Ga. App. 705 (1) (182 SE2d 322) points out that an entry without authority under the statute is a felonious entry, and it was held that the facts and circumstances proved (that is, an intent to enter against the volition of the owner) were sufficient to authorize a finding that the defendant entertained an intent to commit a felony when he entered the house. The intent there might have been theft or rape or other like crime. In the present case no specific intent is shown and no intent other than to commit a theft is even suggested. It was proved that the apartment contained stereo equipment and other articles of value. Thus, the evidence in this case strongly authorizes the conviction of attempt to commit burglary, and shows no lesser unlawful attempt which would work a conviction of the lesser offense. A similar situation was presented in *Smith v. State,* 228 Ga. 293 (2) (185 SE2d 381), where it was held that the evidence which authorized a charge on the offense of armed robbery did not authorize an instruction on the lesser offense of theft included in the greater crime. We find no reversible error.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*
SUBMITTED NOVEMBER 8, 1972—DECIDED NOVEMBER 15, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Ross C. Hawkins, Morris H. Rosenberg,* for appellee.