## 48390, 48391. SINGLETON v. THE STATE (two cases).

BELL, Chief Judge. Defendants James and Mary Singleton were convicted of involuntary manslaughter by commission of an unlawful act. The deceased, Monica Rozier, was the four-year-old daughter of the defendant, James Singleton. The defendant, Mary, was the stepmother of this child.
The state's theory of this case is that James Singleton unlawfully beat his four-year-old daughter to death and that his wife Mary either intentionally aided and abetted him, or advised, encouraged, hired, counseled or procured James to inflict

excessive corporal punishment upon the child which caused her death. See amended Code § 26-801 (b). Succinctly, all the state proved insofar as these defendants are concerned is that James Singleton whipped his child one week prior to her death and that death was caused by blows to the head. That is not enough to authorize a conviction. In order to sustain a conviction under this weak evidence it would be necessary to draw an inference from the earlier whipping that Singleton continued to administer whippings upon the child and did so on the date of death. Such an unreasonable inference cannot be permitted. A parent or a person in *loco parentis* is justified by statute in administering reasonable discipline to a minor. Amended Code § 26-901. The evidence fails to show that the infliction of the whipping a week prior to death was an excessive or unreasonable exercise of parental discipline. There is no evidence in the record that defendant ever again struck this child. On the day prior to her death she was observed playing with other children and there is no evidence that at this time she had been beaten by anyone. The evidence that a child was heard crying proves nothing. As for the defendant, Mary Singleton, there is no evidence to show that she ever touched the child, or that she aided or abetted or encouraged, etc., her husband to beat his daughter to an extent which caused her death. Thus, the evidence was totally insufficient to authorize the conviction of either defendant. Indeed the evidence demanded their acquittal. The trial judge erred in not granting the defendants' motions for directed verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311).

The judgment of conviction is reversed with direction to enter a directed verdict of acquittal as to each defendant.

*Judgment reversed. Deen and Quillian, JJ., concur.*

ARGUED JULY 3, 1973 — DECIDED SEPTEMBER 14, 1973.

*Frank B. Lanneau, III,* for appellants.
*Fred M. Hasty, District Attorney,* for appellee.