## 48919. POOLE v. THE STATE.

EBERHARDT, Presiding Judge. A. A. Poole was indicted, tried and convicted of the offense of burglary, the indictment alleging that on April 15, 1973 the defendant, without any authority or consent of the tenant, did enter an apartment occupied by Cindi Parris with intent to rape.

The evidence disclosed that Miss Parris and her fiance, Steve Wieland, were in her apartment on the evening of April 14, 1973, watching television. They watched the late show, and Miss Parris became sleepy and went to bed about 1:00 a. m. Mr. Wieland followed her to bed when the show was over at 1:30. About 2:00 or 2:15 Miss Parris was awakened when someone took her hand and kissed it. She looked and saw a man kneeling beside her bed, and recognized him as one who worked at a gasoline service station where she regularly bought gasoline and had her car washed. She was able to see him because it was a bright night and the apartment adjoined the Pontiac dealer's place of business which was kept lighted, and the window blinds were open. He had, on one occasion brought her car to the apartment house after washing it and came up to the apartment on the second floor to give her the key, although she had requested that he not come up, but place the key under the floor mat. She asked that he not come in, but he insisted that he needed to make a phone call to the service station and ask them to send for him. Several times at the station he had spoken to her, calling her "Babe," and did so again as he returned the key, though she knew him only as an attendant at the service station.

She positively recognized the man who was kissing her hand to be Poole. When she saw him she screamed, exciting the man and awaking her fiance. The man ran to leave and her fiance gave

chase, but failed to catch him. Wieland did not see the man well enough to be able to identify him. The police were called and later they made the arrest.

Both Miss Parris and her fiance asserted that the apartment had been locked. A window glass adjoining the door had been broken, though not when they had gone to bed, and one could reach in and unlock the door for entry.

The defendant claimed to have been in another part of town, where he had run his car into a ditch and had to call a wrecker to get it out, but was unclear as to the time. Witnesses who saw his car in the ditch and who assisted by calling the wrecker placed the time as being somewhere between 1:00 and 2:30 a. m.

Defendant appeals, enumerating errors on matters charged, evidence rulings and allowing the state to recall the chief witness. *Held:*

1. Error is enumerated on a part of the instruction relative to defendant's claim of alibi wherein the court charged: ". . . and the range of evidence or showing in respect to time and place must be sufficiently strong to exclude the possibility of his presence at the scene . . ." on the ground that this charge "placed upon the defendant the affirmative duty of going forward with the defense of alibi and thereby change the burden of proof to the defendant."

Immediately following the portion of the charge excepted to the court charged that "any evidence of alibi is to be considered on the general case with the rest of the evidence and the defendant's statement, and, if a reasonable doubt of guilt is raised by the evidence as a whole, the doubt must be resolved in favor of the innocence of the accused."

The portion of the charge excepted to is but a portion of the definition of alibi as found in and lifted from Code § 38-122. The manner of considering the evidence was clearly stated, and we find no merit in the exception. Rather, we view the charge, as given, to meet the standards of *Paschal v. State,* 230 Ga. 859 (2) (199 SE2d 803).

2. Enumeration No. 2 asserts error because "There is no sufficient evidence in the case to enable a jury to presume and infer that the defendant had the intent to commit a felony as is required for conviction of the offense of burglary."

The evidence demanded a finding that the entry into the apartment was without the consent of or authority from the occupant, Miss Parris, and this renders it a felonious one. Code

Ann. § 26-1601; *Bass v. State,* 123 Ga. App. 705 (182 SE2d 322). Whether the defendant entertained an intent to commit a felony after entering is a matter for the jury to say, under the facts and circumstances proved. *Coney v. State,* 125 Ga. App. 52 (1b) (186 SE2d 478). As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent. *Flewellen v. State,* 77 Ga. App. 804 (49 SE2d 921). And the fact that the defendant may have failed in accomplishing his apparent purpose does not render a finding of burglary improper. *White v. State,* 7 Ga. App. 596 (67 SE 705); *Daniel v. State,* 48 Ga. App. 789 (4) (173 SE 485); *Coney v. State,* 125 Ga. App. 52, supra. The evidence was sufficient to authorize a finding of intent to commit a felony.

3. Error is asserted on a failure of the court to charge that before convicting the defendant for burglary the jury "must first examine the facts and determine that the defendant had the intent to commit rape within the dwelling house," and in failing to charge that "such a finding would require corroboration on the part of the prosecuting witness' testimony."

The court charged fully on the matter of intent, informing the jury that there was no presumption of one's acting with criminal intent, that there must be a union of joint operation of act and intention in order to authorize a conviction, but that the jury might find the existence of an intent upon a consideration of words, conduct, demeanor, motive and other circumstances connected with the act for which the defendant was being prosecuted.

We know of no requirement that the evidence from which an intent may be found by the jury, whether direct or circumstantial, must be corroborated by the prosecution witness' testimony.

4. Error is enumerated on a part of the charge that: ". . . you are to base your verdict upon the sworn testimony and evidence which is introduced and admitted by the court for your consideration. You are not to consider any evidence which was offered but which was not admitted by the court. Any statement, not under oath, made by the attorney for either party, is not evidence, and is not to be considered by you as evidence in this case."

It is contended that this charge "was tantamount to instructing the jury to disregard in its entirety the defendant's unsworn statement and not to consider same in making the verdict." (This case arose before abolition of the unsworn statement law). We

do not agree. Here the court was dealing solely with what *evidence* the jury were to consider, and in doing so properly instructed the jury that they should not consider any evidence which was not admitted by the court, and that *unsworn statements of counsel* should not be regarded or considered as evidence. The verdict was not to be based upon sayings of counsel or evidence which may have been tendered, but not admitted.

The court also instructed that the accused had a right to make an unsworn statement, not under oath, and that it should have such weight and force as the jury might think right to give it, and that they were free to believe it in preference to the sworn testimony in the case.

When the charge is considered as a whole no error appears. "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, but when put together and considered as a whole may be perfectly sound." *Buttersworth v. State,* 200 Ga. 13 (2) (36 SE2d 301). Such is the case here.

Moreover, a defendant's unsworn statement is not itself evidence in the technical or classic sense, and in making it the defendant is not subject to the rules of evidence as are witnesses, and it cannot lay a foundation for the introduction of evidence in the defendant's favor. *Brooks v. State,* 150 Ga. 732 (3) (105 SE 362); *Birdsong v. State,* 55 Ga. App. 730, 732 (191 SE 277). Accordingly, the court correctly afforded the matters of the defendant's unsworn statement and of sworn evidence their proper and separate treatment in the charge.

5. Error is enumerated on a portion of the charge wherein the court instructed "I charge you that under the laws of this State, the offense of rape constitutes a felony . . ." it being contended that this charge was wholly unsupported and that it misled the jury to think that the offense of rape was found by the judge to have been shown.

This enumeration is wholly without merit. The definition of burglary, as found in Code Ann. § 26-1601, provides that a burglary has been committed when one enters a building without the authority of the owner or occupant and with intent to commit a felony therein. The indictment charged that the defendant so entered Miss Parris' apartment with the intent to rape, and the judge was simply making it plain to the jury that rape is a felony and that if they should find that the defendant unlawfully entered with that intent, he had committed the offense of burglary, although he may not have accomplished his purpose.

Without this portion of the charge it is not unlikely that some of the jury may have been at a loss as to this allegation in the indictment and how it was to be applied under the evidence.

6. There was no error in allowing the state to recall its chief witness for further examination, particularly when it appears, as it does in this record, that in so doing the judge limited the district attorney in his further examination to matters which previously had not been brought out. Allowing a recall of the witness was a matter wholly within the discretion of the court, and we find no abuse of it.

7. Error is enumerated upon not allowing defendant's counsel to ask one of his own witnesses, "Mr. Lofton, do you remember whether it was before or after one [o'clock] that you first saw Mr. Poole?"

The record discloses that after counsel asked this question, the court simply said "All right," and defendant's counsel then said to the witness, "now, don't answer it," and the court then "sustained the objection," of the district attorney on the ground that the question was leading, and defendant's counsel immediately proceeded to rephrase the question, asking the witness to "tell me close to what time it was when you saw Mr. Poole," and the witness answered, without objection, that it was "probably around 12:30 or 1:00" o'clock. Even if error, which we do not see, the ruling complained of was harmless.

*Judgment affirmed. Pannell and Evans, JJ., concur.*

ARGUED JANUARY 11, 1974 — DECIDED JANUARY 22, 1974.

*Bennett, Saliba & Wisenbaker, George M. Saliba,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.