## 51009. BOGGUS v. THE STATE.

STOLZ, Judge.

Appellant was indicted and tried for the crime of burglary. He was convicted and sentenced to serve six years. He appeals.

1. Appellant cites as error the trial judge's statement, made in the presence of the jury and directed to counsel for appellant's co-defendant, "Well, I will go back in my office and take the plea." It is urged that Code Ann. § 38-414, providing that confessions of one joint offender or conspirator made after the enterprise is ended shall be admissible only against himself, was violated. While it is true that this Code section does encompass pleas of guilty, we are persuaded that it has application only where such confessions or pleas are admitted in evidence. *Gray v. State,* 13 Ga. App. 374 (79 SE 223). Whether the remark of the trial judge amounted to an expression of an opinion on a material matter involved in the case, controls this situation. *Mungin v. State,* 147 Ga. 425 (1) (94 SE 236). While the judge's statement was indiscreet and comes close to violating the spirit if not the letter of Code Ann. § 38-414, it did not express an opinion as to the guilt or innocence of any of the defendants. Any prejudice which might have resulted from the statement was nullified when appellant's co-defendant, who had entered a plea of guilty, was called as the state's witness; the jury learned nothing more by inference from the judge's statement than it later learned directly from the state's witness himself. The enumeration of error is without merit. *Gray v. State,* 13 Ga. App. 374, supra.

2. Over appellant's objections the court allowed testimony by two witnesses as to telephone conversations they had received. Generally telephone communications are hearsay and not admissible in evidence unless the identity of the party at the other end of the line can be established. *Price v. State,* 208 Ga. 695 (1) (69 SE2d 253); *Denson v. State,* 209 Ga. 355 (6) (72 SE2d 725). However, an exception to this hearsay rule is found in Code Ann. § 38-302, which provides that information, conversations, letters and replies and similar evidence such as telephone calls may be admitted as original evidence to explain

conduct and to ascertain motives. The record here reveals that the telephone conversations were introduced to explain the subsequent conduct of the witnesses testifying as to the calls. *Griffie v. State,* 107 Ga. App. 356 (1) (130 SE2d 149). We find no cases which require as a prerequisite to admissibility under Code Ann. § 38-302 that the person on the other end of the line be identified with particularity; it would be absurd to require that evidence qualifying under an exception to the hearsay rule must meet the requirements of the very rule to which it is an exception. Though the judge more properly should have instructed the jury that the testimony was being admitted solely for the purpose of illustrating the conduct of the witness and for no other, appellant's enumerations of error numbers 2 and 5 are without merit. *Griffie v. State,* 107 Ga. App. 356 (1), supra.

3. Appellant urges that it was error to overrule his objection to a purported leading question. Assuming without deciding that the question objected to was in fact leading, it is within the discretion of the trial judge to permit the prosecuting attorney to propound leading questions to a witness for the state. *Morgan v. State,* 17 Ga. App. 124 (1) (86 SE 281). Also, the record shows that no answer was ever given to the question objected to; a trial judge's discretion with regard to leading questions will not be controlled unless it appears that injury results therefrom. *Tippins v. Lane,* 184 Ga. 331 (1) (191 SE 134). No injury occurred; no error was made.

4. Appellant's citation of the judge's charge to the jury with regard to burglary as error, is without merit. Under Code Ann. § 26-1601, burglary is a crime of intent; whether a defendant intended to commit a felony when he entered a home or a building of another is for the determination of the jury under the facts and circumstances proved. *Thompson v. State,* 76 Ga. App. 239 (3) (45 SE2d 675). Generally, specific intent must be proved by circumstantial evidence. *Flewellen v. State,* 77 Ga. App. 804 (49 SE2d 921). The entering of a building without authority from the owner or occupant is itself a felonious entry under Code Ann. § 26-1601; if there is ample proof of the unauthorized entry, the jury can logically conclude that, the defendant having committed

one felony, his conduct after entry indicates an intent to commit another. *Coney v. State,* 125 Ga. App. 52 (186 SE2d 478). Nothing in *Williamson v. State,* 134 Ga. App. 583 (215 SE2d 518) or *Baker v. State,* 127 Ga. App. 99 (192 SE2d 558) compels us to hold that it was error to fail to charge the jury on the crime of criminal trespass. In both those cases there was testimony by the respective *defendants,* which if believed, would negate an element of the crime of burglary, entry with intent to commit felony. In this case the only evidence presented which would tend to negate the intent element was given by the *state's witness* who testified, ". . . we didn't get in with the intentions to harm to start with . . ." This is not sufficient evidence to require a charge on criminal trespass.

5. Appellant urges that it was error for the court to allow a witness to testify for the state whose name did not appear on the list of witnesses furnished to him. Code Ann. § 27-1403 requires such a list to be given to a defendant in a criminal case and forbids testimony by one whose name does not appear thereon unless the evidence sought to be presented is "newly-discovered." The record here reveals that the witness was called in rebuttal of appellant's testimony and the state's attorney stated that he had no knowledge of the existence or need for the evidence he sought to present at the time he furnished the list of witnesses to the appellant. Under these circumstances it was not error to permit the witness to testify. *Yeomans v. State,* 229 Ga. 488 (2) (192 SE2d 362).

6. Appellant contends the following charge to be error: "Circumstantial evidence is relied upon to establish the fact. The evidence must be such as to reasonably establish the theory relied upon *to preponderate* to that theory rather than any other reasonable hypothesis." (Emphasis supplied.) Both this court and the Supreme Court have agreed that this charge is erroneous. *Wells v. State,* 126 Ga. App. 130 (1) (190 SE2d 106); *Pless v. State,* 231 Ga. 228 (1) (200 SE2d 897); *Woods v. State,* 233 Ga. 495 (212 SE2d 322). The only disagreement between this court and the Supreme Court is whether following this erroneous charge with "before you would be authorized to convict on circumstantial evidence alone, the proven facts must not only be consistent with the hypothesis, or

conclusion, of guilty, but must exclude every reasonable hypothesis or conclusion except that of guilt of the accused . . ." makes the error harmless. We need not resolve this conflict here because the "curative" charge was never given; the jury was left solely with an erroneous charge with regard to the burden of proof necessary to convict on circumstantial evidence alone. That the trial judge in other portions of the charge made it clear that the jury must find beyond a reasonable doubt that appellant was guilty does not make the error harmless; "The jury cannot be expected to select one part of the charge to the exclusion of another, nor to determine whether one part cures a previous error, without having their attention specially called thereto, and being instructed accordingly." *Bryant v. State,* 191 Ga. 686, 720 (13 SE2d 820).

7. Under Code Ann. § 38-121, in any case of felony the testimony of an accomplice must be corroborated to establish a fact. The only evidence offered by the state to prove that appellant was guilty of burglary was the testimony of his alleged accomplice who pleaded guilty and testified for the state. The state's witness charged appellant and others including himself entered the building and stole the property. Appellant admitted being with the others on the day of the crime but testified he parted their company at 5:00 o'clock, long before the crime took place. To corroborate the state's witness, another witness was called who testified he saw the state's witness and "three boys" walking in front of the building where the crime was committed.

"The law specifically lays down the rule that if the accomplice is corroborated in material parts of his testimony, then he may be believed by the jury as to other material parts as to which there is no corroboration . . . [I]f the accomplice is shown to be truthful (corroborated) as to certain material matters he may be believed without corroboration as to other material matters." *Pitts v. State,* 128 Ga. App. 434, 435 (197 SE2d 495). To this otherwise general rule of law there is an important exception. "[A] distinction must be made between evidence which tends to prove the truth of the accomplice's general testimony and that which tends to prove the identity and

participation of the accused . . . [I]nsofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime." *West v. State,* 232 Ga. 861, 865 (209 SE2d 195). It is therefore necessary that the identity and participation of appellant be established by corroboration independent of the accomplice's testimony. The testimony offered by the state that the state's witness and "three boys" were seen walking by the building later broken into, is not sufficient corroboration of the accomplice's testimony to prove the identity and participation of the appellant. *Sanders v. State,* 46 Ga. App. 175 (2) (167 SE 207). The question of the sufficiency of corroboration is a jury question, yet an appellate court has the duty of determining as a matter of law whether there is any corroborating testimony of an accomplice. *Kilgore v. State,* 67 Ga. App. 391 (20 SE2d 187). Here, there was no corroboration; the verdict of guilty cannot stand.

Code Ann. § 27-1802 (a) (Ga. L. 1971, pp. 460, 461) provides: "Where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal or 'not guilty' as to the entire offense or to some particular count or offense included in the indictment, the court may direct the verdict of acquittal to which the defendant is entitled under the evidence, and may allow the trial to proceed only as to the counts or offenses remaining, if any." Thus, the evidence was insufficient as a matter of law to authorize a conviction. In *Merino v. State,* 230 Ga. 604, 605 (198 SE2d 311), it was held that "when there is no conflict in the evidence and it clearly demands a verdict of acquittal as a matter of law there is a *duty* upon the trial judge to grant a motion for a directed verdict of acquittal . . ." See also *Singleton v. State,* 129 Ga. App. 644 (200 SE2d 507); *Phillips v. State,* 133 Ga. App. 461 (211 SE2d 411); *Croy v. State,* 133 Ga. App. 244 (211 SE2d 183).

We are urged to strictly construe the phrase "no conflict in the evidence" used in Code Ann. § 27-1802 (a). This phrase applies to credible evidence on a material issue; evidence which is sufficient to establish a material

922

fact or create a conflict as to a material issue. See *West v. State,* 232 Ga. 861 (2), supra, and *Singleton* and *Croy,* supra. The fact that there may be some conflict in evidence on a non-controlling point, is not a sufficient conflict to justify the denial of the defendant's motion for a directed verdict of acquittal in cases where, as here, the evidence is insufficient as a matter of law to authorize a conviction.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Deen, P. J., dissents. Evans, J., concurs in result of dissent.*

Submitted September 9, 1975 — Decided December 4, 1975.

*Paris & Burkett, Richard F. Burkett,* for appellant. *Nat Hancock, District Attorney,* for appellee.

Deen, Presiding Judge, concurring in part and dissenting in part.

I fully concur in Divisions 1 through 6 of the majority opinion and in the judgment of reversal. I am in complete agreement with that part of Division 7 which finds there was no corroboration of the appellant's identity and participation in the crime as is required under *West v. State,* 232 Ga. 861 (209 SE2d 195), and *Sanders v. State,* 46 Ga. App. 175 (2) (167 SE 207). What I dissent from is the majority's holding that it was error to overrule the appellant's motion for directed verdict. The appellant cites as error both the denial of his motion for directed verdict and also the denial of his motion for new trial. I disagree with the majority and would hold no error as to the directed verdict but that the motion for new trial should have been granted.

My only disagreement with the majority is over the application of Code Ann. § 27-1802. That Code section contemplates a directed verdict of acquittal when there is no conflict in the evidence and when all reasonable deductions and inferences therefrom shall demand a "not guilty" verdict; the *Merino* decision (230 Ga. 604), cited by the majority, holds that in such a case it becomes the *duty* of the trial judge to direct a verdict of acquittal. It is my

position that Code Ann. § 27-1802 should be strictly construed and I believe *Merino* supports this interpretation: "We therefore hold that it constitutes reversible error for the trial court to refuse to direct a verdict of acquittal where there is *absolutely no conflict in the evidence* and the verdict of acquittal is demanded as a matter of law." 230 Ga. 605. (Emphasis supplied.) As I view Code Ann. § 27-1802, a two-prong test for a directed verdict is there envisioned — there must be (1) absolutely no conflict in the evidence and (2) that evidence must demand an acquittal. As to the first element of the test, the accomplice's testimony *was* corroborated in many respects which were in conflict with the appellant's story and which would have shown the appellant to have been at or near the scene of the crime during the evening of the burglary. In other words, there was a conflict in the evidence as to the length of time the appellant was in the company of the confessed burglars and whether or not the appellant was ever on the grounds of the schoolhouse. While this testimony is not sufficient to convict, it does represent a conflict in the evidence. As to the second element of the test, I believe that the uncorroborated testimony of the accomplice does not justify conviction and requires a reversal but does not demand a directed verdict of acquittal, in view of the conflict in the evidence.

The appellant here has cited as error both the denial of his motion for directed verdict and his motion for new trial. Because I believe Code Ann. § 27-1802 should be strictly construed and because I do not find this case to be within the precise language of this Code section, I would affirm the trial judge on his denial of the former motion but reverse on his denial of the latter one.

I am authorized to state that Judge Evans concurs in the result only of this dissent.