## 52464. EALEY v. THE STATE.

SUBMITTED JULY 15, 1976 — DECIDED SEPTEMBER 8, 1976 — REHEARING DENIED SEPTEMBER 22, 1976.

*Harrison, Jolles, Miller & Bush, Charles F. Miller, Jr.,* for appellant.

*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. Denial of the defendant's motion to dismiss for failure to grant a speedy trial is cited as error. The defendant was first indicted for the burglary here in issue during the January 1975 term but was not brought to trial until March of 1976. During the interim between indictment and subsequent trial the defendant was tried on three separate occasions for *other* alleged burglaries and assaults; on none of these occasions was the defendant tried for the burglary which resulted in the conviction with which we deal here. It is urged that Code Ann. § 26-506 has been violated: "(a) When the *same conduct* of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime... (b) If the several crimes arising from the *same conduct* are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except ... (c) When two or more crimes are charged as required by subsection (b), the court in the interest of justice may order that one or more of such charges be tried separately." (Emphases supplied.) It is clear that Code Ann. § 26-506 (b) requires one prosecution only if the several crimes arise from the "same conduct." The three interim trials for burglary and assault involved different dates and transactions, requiring different proof; they were separate incidents not arising from the "same conduct" within the meaning of Code Ann. § 26-506 (b). *Howard v. State,* 128 Ga. App. 807 (198 SE2d 334); *Garrett v. State,* 133 Ga. App. 564 (211 SE2d 584). Moreover, had the prosecution for the burglary here in issue been included with any one of the three interim prosecutions, failure to grant a motion to sever would have been reversible error. *Booker v. State,* 231 Ga. 598 (203 SE2d 194). The record not showing a purposeful, oppressive or prejudicial delay, it was not error to overrule the motion to dismiss. *Hughes v. State,* 228 Ga. 593 (187 SE2d 135).

2. The defendant attacks the sufficiency of the state's evidence that he entered the home of another "without authority and with intent to commit a theft."

The evidence is sufficient to show that the defendant was discovered on the stairs of another's home in the early morning hours by an occupant, that entry had been gained by a window and that when his authority to be there was challenged he fled the premises. This is ample evidence of unauthorized entry. *Kent v. State,* 128 Ga. App. 132 (195 SE2d 770).

However, to support a finding of burglary there must be evidence of "intent to commit a theft" as was alleged in the indictment. "The entering of [a building] without authority from the owner or occupant is, itself, a felonious entry under *Code Ann.* § 26-1601 (*Bass v. State,* 123 Ga. App. 705 (182 SE2d 322)); and since there was ample proof of the unauthorized entry, the jury could logically conclude that, having committed one felony, his conduct after entry indicated an intent to commit another." *Coney v. State,* 125 Ga. App. 52, 54 (186 SE2d 478); *Boggus v. State,* 136 Ga. App. 917, 918 (222 SE2d 686). We do not interpret this to mean that mere illegal entry *alone* satisfies the elements of the crime of burglary; there must be some evidence of an intent to commit theft separate and distinct from the unauthorized entry. Whether a defendant intended to commit a theft when he entered the house is for the determination of the jury under the facts and circumstances proved. *Thompson v. State,* 76 Ga. App. 239 (3) (45 SE2d 675). "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." Code Ann. § 26-605. Thus the language of *Coney* and *Boggus* has this meaning: If there is evidence of facts and circumstances, including the conduct of the defendant after entry, from which a jury could conclude that an intent to commit theft was present, such conclusion is a logical one, especially in light of the illegal entry. In other words, proof of unauthorized entry does not dispense with the need to further show such entry was with the intent to commit a felony or theft; it does make, however, the jury's conclusion, reached by consideration of *all* circumstances connected with the act, that the requisite intent was present, a logical one.

Turning to the evidence here there was evidence that entry was secured through a window. There was evidence that the home contained valuables. There was evidence that when his unauthorized presence was discovered the defendant fled. Upon this evidence the jury was authorized to infer an intent to commit theft. *Bowen v. State,* 128 Ga. App. 577 (197 SE2d 738).

*Judgment affirmed. Quillian and Webb, JJ., concur.*