## 54153. HOBBS v. THE STATE.

DEEN, Presiding Judge.

1. "Simply because an accomplice's testimony is corroborated in most details, it does not follow that his testimony alone as to the identity and participation of the accused is sufficient to justify conviction." *West v. State,* 232 Ga. 861, 865 (209 SE2d 195). The independent corroborating circumstances required by Code § 38-121 to bolster the testimony of an accomplice must refer not merely to the commission of the crime but to the guilt of the defendant.

2. In the present burglary case it is established that the two alleged accomplices of Hobbs were riding with an unidentified man in a green Maverick which they parked in front of Smith's house; that they entered a window over an air conditioning unit, hauled the television out into the yard, stole some stereo equipment, and that the accomplice Carr was wearing a cowboy hat, that he

hocked the equipment and that later he and the accomplice Moody (who pleaded guilty and testified in the case) went back to repair it.

None of this testimony corroborates Moody's statement that this defendant was the third man in the automobile and that he participated in the burglary. Moody's statement that they "went to a house that Johnny [Hobbs] knew and burglarized it" is supported by evidence of the victim that Hobbs did know him and did know the house. But this is no evidence that Hobbs burglarized the house or otherwise participated in the crime. *Boggus v. State,* 136 Ga. App. 917 (7) (222 SE2d 686). Although the writer dissented from that portion of the *Boggus* case which held that the court erred in failing to grant the defendant's motion for a directed verdict, that case is sufficiently like the present one to be controlling on its facts. The denial of the motion for a directed verdict of acquittal was accordingly error.

*Judgment reversed. Webb and Marshall, JJ., concur.*

SUBMITTED JULY 6, 1977 — DECIDED JULY 12, 1977.

*Richard Milam,* for appellant.
*E. Byron Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.