ARGUED OCTOBER 31, 1979 — DECIDED NOVEMBER 21, 1979.

*J. Michael Kaplan, Charles M. Gisler,* for appellant. *Bobby Jones,* for appellee.

## 59008. CRAFT v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted in two counts for the offenses of (1) violation of the Georgia Controlled Substances Act (unlawfully possessing more than one ounce of marijuana) and (2) burglary.

At the conclusion of the state's case counsel for defendant moved for direction of the verdict as to Count 1. Whereupon the trial court held that the possession charge as to marijuana had merged into the burglary charge since the marijuana was purportedly stolen during the burglary. Defendant was then convicted as to Count 2 as to the burglary (of the marijuana) for which he was ordered to pay a fine of $250 at the rate of $50 per month and to be confined for one year, said sentence being imposed "in accordance with the provisions of the Georgia First Offender Law." Defendant appeals. *Held:*

1. The victim testified that after observing the defendant smoking "a joint" in the woods near his apartment and knowing that he had some marijuana in his apartment he suspected that he had been burglarized. Whereupon he reported the burglary, located the defendant who admitted the crime; and the defendant produced the marijuana which had been stolen. Even though the victim could not identify it as the same marijuana he had in his apartment the evidence was sufficient to support the verdict. See *Harris v. State,* 234

Ga. 871, 873 (218 SE2d 583); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1). A careful review of the trial transcript and record convinces us, and we so hold, that a rational trier of fact (the jury in this case) could readily have found the defendant guilty beyond a reasonable doubt of the offense of burglary. There was evidence of an illegal entry and possession of an item stolen from the dwelling. Such evidence was sufficient to show that the apartment was burglarized by obtaining marijuana therefrom, said evidence being separate and apart from the unlawful entry. *Wells v. State,* 144 Ga. App. 841 (1) (242 SE2d 752); *Ealey v. State,* 139 Ga. App. 604, 606 (229 SE2d 86). There is no merit in this complaint.

2. The item that was stolen being contraband, counsel for defendant attempted to show that the victim had no proprietary interest or ownership in the property which was stolen. On cross examination of the victim, he attempted to learn where the victim had obtained the "pot." On objection the court held it was irrelevant and immaterial to the case involving the burglary as to where he (the witness) obtained the marijuana, the court ruling that no proprietary interest was necessary, citing *Davis v. State,* 139 Ga. App. 105, 106 (227 SE2d 900), which states that a theft of an article is unnecessary to the completed offense of burglary, based upon *Coney v. State,* 125 Ga. App. 52 (186 SE2d 478), and *Smith v. State,* 130 Ga. App. 390, 391 (3) (203 SE2d 375). However, the evidence here shows the defendant admitted taking the marijuana for the purpose of smoking it and was seen smoking it in the woods near the victim's apartment shortly before the victim found his apartment had been burglarized. A theft had occurred, or rather the defendant admitted the "pot" came from the apartment.

The second enumeration of error contends that the court erred in consistently holding that the burglary was complete when the defendant entered the victim's apartment and that evidence would tend to establish the intent toward theft was merely surplusage. This was not the ruling of the trial court. The case of *Davis v. State,* 139 Ga. App. 105, 106, supra, which merely holds that the theft of any article is unnecessary to the completed offense of burglary is not controlling here. This enumeration is

not meritorious in that it does not accurately reflect what occurred when the objection was made on cross examination to a question as to from whom "did you get the pot?" The trial court properly held that it was irrelevant and immaterial to the issues involved in this case.

While a charge as to ownership of an article stolen may or may not be necessary it was given in an instruction to the jury. This charge cannot be said to have misled the jury since the defendant was seen smoking "a joint" by the victim who then determined that his apartment had been broken into and his "pot" removed. Upon confronting the defendant, there was an admission by him that he had stolen the "pot," who then showed others where he had hidden the "pot."

3. On direct examination when the victim observed the defendant smoking "a joint," he testified that he "went straight to see if that's what it was" that is, "I thought that he [defendant] had done it." The victim testified his apartment had been broken into before and some beer had been stolen, and he "thought that he [defendant] had done it." Counsel for defendant contended that this placed the defendant's character in issue. The court then held that this did place his character in issue but instructed the jury that "suspicions that someone may have done another act is only admitted to explain his motives and conduct and is not accepted as a fact that whether or not he did or did not." The court then stated "the only way you could place a character in issue would be convictions of prior crimes and offenses." Regardless of whether or not this statement of the law is erroneous and not a correct principle, there was no objection to this instruction at the time. The trial court correctly stated that the testimony by the victim that he thought the defendant had stolen his beer previously and had burglarized his place would have placed his character in issue as to that crime. However, the court did not err in holding that in answer to a question that after seeing the defendant smoking "a joint," the victim went to see if his "pot" was in his apartment, it was proper for him to explain his motive and conduct in that instance. The answer was: "My apartment had been broken into before and some beer was stolen, and I thought that he had done

it; and so, when I saw him out there smoking a joint, I went straight to see if that's what it was."

Again the defendant contends that it was error to overrule the objection to the testimony and not to grant a mistrial based on the state witness' testimony concerning the defendant's character. This was not the motion made at the time but merely that he objected to the testimony made "about a prior burglary." Under Code § 38-302, evidence as to facts to explain conduct and ascertain motives "shall be admitted in evidence, not as hearsay, but as original evidence." Under Code § 38-202, general character of the parties and specific conduct in other transactions are irrelevant "unless the nature of the action involves such character and renders necessary or proper the investigation of such character." The evidence here that the victim saw the defendant smoking "a joint" and because his apartment had previously been burglarized he suspected that the defendant was smoking his "pot" and investigated to determine if his apartment had been burglarized clearly explains his conduct under the circumstances. There is no merit in this complaint. *Joiner v. State*, 236 Ga. 580, 581 (2) (224 SE2d 414); *Davis v. State*, 233 Ga. 638, 639 (2) (212 SE2d 814), and cases cited.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 31, 1979 — DECIDED NOVEMBER 21, 1979.

*Dennis C. O'Brien*, for appellant.
*Thomas J. Charron, District Attorney*, for appellee.