## 76538. MURRAY v. THE STATE.
(371 SE2d 272)

McMurray, Presiding Judge.

Via indictment, defendant was charged with burglary, but was convicted of criminal attempt (to commit burglary). Defendant's motion for a new trial was overruled and he appeals. *Held*:

In his sole enumeration of error, defendant asserts the general grounds. In this regard, he argues that the evidence was insufficient to demonstrate that he attempted to enter the victim's dwelling with the intent to commit a theft therein.

The evidence shows that at about 11:00 p.m. on the night in question, the victim, a female, was home alone because her husband was in the hospital. Defendant knocked on the front door; the victim observed him through the peephole. The victim did not answer the door but returned to her room. Defendant knocked on the front door again. The victim came to the door and again observed defendant through the peephole. When the victim did not answer, defendant went to the back door where he began to knock. Finally, defendant broke a window in the back of the victim's apartment and attempted to crawl through the opening.

We think these facts were sufficient to enable any rational trier of fact to find defendant guilty of the offense of criminal attempt (to commit burglary) beyond a reasonable doubt. *Kinney v. State*, 155 Ga. App. 95 (1) (270 SE2d 209); *Parrish v. State*, 141 Ga. App. 631 (1) (234 SE2d 174). "Whether the defendant entertained an intent to commit a felony [or a theft] after entering is a matter for the jury to say, under the facts and circumstances proved. *Coney v. State*, 125 Ga. App. 52 (1b) (186 SE2d 478). As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent. *Flewellen v. State*, 77 Ga. App. 804 (49 SE2d 921). And the fact that the defendant may have failed in accomplishing his apparent purpose does not render a finding of [criminal attempt to commit] burglary improper. [Cits.]" *Poole v. State*, 130 Ga. App. 603, 605 (203 SE2d 886).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JULY 7, 1988.

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, J. Michael McDaniel, Barbara B. Conroy, Assistant District Attorneys*, for appellee.