GREEN v. THE STATE.

LUMPKIN, J. 1. Where a woman was found dead in a public road, and the evidence indicated death from poisoning with carbolic acid, and it was a question whether the case was one of murder or suicide, when it was shown that her body had been removed to the road from a point in the woods some forty or fifty yards distant, and that at such point the leaves were trampled and there were evidences of a struggle, and that the accused, who was her husband but living separately from her, when seen had about him the odor of that poison, it was admissible to show also that the deceased had a bruised place on her face, not to prove that she came to her death otherwise than by poison, but as bearing on the question whether it was taken voluntarily or administered forcibly.

2. A witness who testified that he knew the difference between the smell of carbolic acid and of iodoform, and that he had recently smelled the former in a bottle found near the body of the deceased, could state that the clothes of the accused smelled of carbolic acid, and that it was the same odor as that from the bottle, the ground of objection being that the witness was not an expert.

3. Acts of ill treatment and cruelty on the part of a husband toward his wife, not too remote from the time of the alleged homicide of the latter by the former, or a continued line of misconduct extending to near the time of the homicide, are admissible to show malice and motive. Roberts v. State, 123 Ga. 146; Campbell v. State, 123 Ga. 533.

4. It is not necessary that all such acts should be proved by the same witness.

5. Where witnesses are sworn and put under the rule, if one of them remains in the court-room, it may subject him to punishment for contempt, but will not disqualify him as a witness. Davis v. State, 120 Ga. 843.

6. A witness can not be impeached by showing by parol evidence that he has committed bigamy; and the exclusion of such evidence is not error.

7. When taken in connection with the objections raised, the rulings themselves, and the note of the presiding judge to the motion for a new trial, none of the other grounds require a reversal.

8. The evidence supports the verdict.

Judgment affirmed. All the Justices concur, except Fish, C. J., absent.

Argued May 22,—Decided July 2, 1906.

Indictment for murder. Before Judge Roan. Fulton superior court. March 30, 1906.

J. S. James, for plaintiff in error. John C. Hart, attorney-general, and C. D. Hill, solicitor-general, contra.