Frank Martin **WILKE**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24251.**

United States Court of Appeals,
Ninth Circuit.

Feb. 26, 1970.

Robert C. Mussehl (argued), Seattle, Wash., for appellant.

William H. Rubidge (argued), Asst. U. S. Atty., John M. Darrah, Asst. U. S.

Atty., Eugen G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before MERRILL, KOELSCH and HUFSTEDLER, Circuit Judges.

PER CURIAM.

Frank Martin Wilke appeals from a conviction on a charge of bank robbery (18 U.S.C. § 2113(a)). He urges five errors.

1. During redirect examination of its witness Nuckols, the government sought to introduce his prior written statement to corroborate his testimony on direct. The court very properly sustained Wilke's objection and in addition admonished the jury not to attach significance to the attempt. No prejudice is apparent.

2. We decline to speculate whether, as Wilke contends, the "spirit" of the Jencks Act (18 U.S.C. § 3500) extends to the government investigator's field notes of an interview with a witness. The Act, in terms, is restricted to writings signed or adopted by a witness and to accounts which are "a substantially verbatim recital" of a witness's oral statements. 18 U.S.C. § 3500(e); United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969). The undisputed proof was that these notes were in neither category and that they were routinely destroyed after the agent drafted his "finished interview" report.

3. The government should not have told the jury, nor sought to prove, that the "getaway" car used by Wilke was a stolen vehicle; however, the district judge admonished the jury to disregard all proof on that subject; in milieu we conclude that no prejudice resulted sufficient to warrant a reversal of the judgment.

4. (a) The accomplice instructions were not inharmonious or confusing. True, the indictment charged Wilke and another as principals; but there was evidence that the two were acting in concert. The instructions made plain that one who aids and abets another in the commission of a crime is deemed a principal even though he does not himself perform or directly engage in all the acts constituting the crime.

(b) Wilke criticizes the instruction on circumstantial evidence, but does not particularize. We have nevertheless made some examination of the record and the instruction and conclude that the evidence warranted such an instruction and that the one given did not contain an incorrect statement of law.

5. Nor does Wilke's final point have merit. The district court clearly acted within its discretion in denying his motion to postpone sentence.[1]

The judgment is affirmed.

---

1. The motion, although oral and characterized by Wilke as one to continue, was in substance more nearly akin to one for new trial. It was made during Wilke's arraignment for sentence. At that time Wilke asked the court to stay sentence and called attention to his letter to the probation officer concerning one of the government's witnesses. Therein Wilke had written that, following the trial, witness Nuckols said the government had brought pressure to bear upon him (Nuckols) in order to secure the latter's testimony against Wilke. This information was of course hearsay and as such provided no support for a new trial motion; but passing that defect, the fact asserted would not constitute a ground for a new trial—at most it would simply tend to impeach Nuckols' credibility. Thus the motion even treated as one for new trial, properly made and supported by Nuckols' affidavit, would afford Wilke no basis for relief.