**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Martin Phillip FRANZ, Defendant-Appellant.**

**No. 72–1705.**

United States Court of Appeals, Ninth Circuit.

Sept. 28, 1972.

It was not error to instruct the jury on aiding and abetting in the light of the evidence introduced. Wilke v. United States, 422 F.2d 1298 (9th Cir. 1970).

It was not error to fail to instruct respecting statements of appellant's accomplice. There is no evidence that such statements were received in evidence. There was no request for such an instruction.

We find no error in denial of appellant's motion for mistrial.

Judgment affirmed.

Theodore S. Flier, of Flier, Ross & Barens, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Paul H. Sweeney, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before MOORE,* MERRILL and TRASK, Circuit Judges.

**UNITED STATES of America,**
**Plaintiff and Appellee,**

v.

**McLemore JOHNSON, Defendant and**
**Appellant.**

**No. 72–1322.**

United States Court of Appeals,
Ninth Circuit.

Aug. 30, 1972.

PER CURIAM:

The District Court did not err in ruling that appellant's codefendant was entitled to claim his Fifth Amendment privilege against self-incrimination. The testimony sought would have incriminated the codefendant beyond the charge to which he had pleaded guilty.

With respect to appellant's contention that he was denied the right to comment to the jury on his codefendant's failure to testify, there is no indication in the record that he requested such a right.

---

* Honorable Leonard P. Moore, Senior United States Circuit Judge of the Second Circuit, sitting by designation.