THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALLEN ILICH, a/k/a ALEX ILICH, Defendant-Appellant.

(No. 59690;

First District (4th Division)—December 20, 1974.

*Rehearing denied January 28, 1975.*

Smith, Reilley, Bell, Weinberg and Levinson, of Chicago (James W. Reilley, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Barry Rand Elden and Paula R. Cozzi, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

At a bench trial in the Circuit Court of Cook County on April 18, 1973, the defendant, Allen Ilich, was found guilty of the offenses of theft of property valued at less than $150, criminal damage to property, and

driving without a license. He was sentenced to serve 90 days in the Cook County Jail and pay a fine of $100.

The issues presented for review are whether the court abused its discretion by failing to make further inquiry into newly discovered evidence alleged by the defense subsequent to trial; whether the prosecution had suppressed information favorable to the defense; whether the defendant was proven guilty beyond a reasonable doubt; and whether the sentence was excessive.

Officer George Dooling of the North Riverside Police Department testified that on August 16, 1972, he and his partner chained a 10-speed bicycle to a fence at the Korvette Plaza parking lot in North Riverside and proceeded to observe it from a distance of approximately 100 yards. There had been a large number of bicycle thefts there, and the police were on the alert for thieves.

The defendant drove up to the bicycle in an automobile, and the sole passenger in the car got out and stood in front of the bicycle. He then walked over to the cafeteria section of the Korvette store and looked in the window. He returned to the car, spoke to the defendant, and then took out a pair of diagonal cutters from his pocket and attempted to cut the chain on the bicycle. When some people came out of the store, he went back to the car and waited about 5 minutes. He then cut the chain and motioned to the defendant who had remained in the car. The defendant proceeded to drive out of the parking lot, and the other person got on the bicycle and followed the vehicle around the corner.

When the vehicle driven by the defendant got to the rear of the parking lot, the officers stopped the car. One of the officers attempted to apprehend the person on the bicycle, but he dropped the bike in the middle of Cermak Road and escaped across the Illinois Central railroad tracks.

The bicycle was recovered in a damaged condition. The chain was off the sprocket and the rear wheel was bent.

The defendant testified the person who stole the bicycle was a hitchhiker, named Mike, he had picked up about 10 minutes before arriving at the shopping center. Mike told him he was looking for a friend and that the bicycle staked out by the police belonged to his friend.

Several weeks after the defendant's conviction, the defense presented a motion for a new trial, and defense counsel made the following "offer of proof."

> "I make an offer of proof, Your Honor, that I discovered after the trial that the party who actually stole the bike was discovered by the police. His name was discovered. It was furnished to the

State's Attorney and it was never furnished to the defense pursuant to our code and pursuant to case law which requires that any witness favorable to the State must be furnished to the defense. That constitutes my offer of proof."

The court denied the motion for a new trial, and the defendant contends the court should have conducted a hearing to ascertain the accuracy of defense counsel's offer of proof. The defendant also contends he was denied due process because the prosecution failed to disclose the name of the person who actually took the bicycle pursuant to the motion filed by the defense: "To disclose the name and addresses of any individuals who would be favorable to the defense."

■■ We find the arguments of the defendant on these points are not persuasive. In *People v. Dukes* (1960), 19 Ill.2d 532, 538-39, the court stated:

"Applications for new trials on the ground of newly discovered evidence are not regarded with favor and must be closely scrutinized. In order to justify a new trial the newly discovered testimony must be conclusive and not merely cumulative, and the evidence must appear to be of such conclusive character that it will probably change the result if a new trial is granted." Also see *People v. Brown* (1970), 125 Ill.App.2d 336.

The phrase "newly discovered evidence" refers to exculpatory evidence, and there has been no showing in the instant case that the name of the principal would in any way be exculpatory. In the offer of proof defense counsel refers to the fact that any witness favorable to the State must be furnished to the defense.

■■ When defense counsel made his offer of proof he did not present the name of any witness who could testify in support of his statement, nor did he suggest that a further proceeding would bring forward evidence to support his allegations. He gave the court a bare accusation. In *Wilke v. United States* (9th Cir. 1970), 422 F.2d 1298, the defendant made a motion which the court interpreted as a motion for a new trial based on the statement of the defendant that a witness had informed him the prosecution had pressured the witness to secure his testimony against the defendant. The court denied the motion stating the information was hearsay and provided no support for a new trial motion. In the civil case of *Smith v. Illinois Valley Ice Cream Co.* (1959), 20 Ill. App.2d 312, the motion for a new trial was based on an affidavit submitted by an attorney associated with defense counsel relating information told him by a juror. The court denied the motion, stating that hearsay cannot be considered as a sufficient basis for a new trial motion.

We hold that a mere allegation based on hearsay evidence is insufficient to constitute the "conclusive" evidence needed to support a motion for a new trial.

■■ The defendant maintains that the failure of the prosecution to produce the name of the principal was a violation of due process. In *Brady v. Maryland* (1963), 373 U.S. 83, the court stated that the suppression by the prosecution of evidence favorable to an accused upon request violated due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. However, in *Moore v. Illinois* (1972), 408 U.S. 786, 794, the court made it clear that the heart of the holding in *Brady* "is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to punishment." Thus, the alleged failure to disclose the name of the principal was not a denial of due process because there was neither a showing nor an allegation that the information would be favorable to the defendant.

■■ The defendant next contends he was not proven guilty beyond a reasonable doubt. He states he never got out of his vehicle and did not touch the bicycle. He relies on the case of *People v. Adams* (1972), 8 Ill.App.3d 62. In that case the defendants, Charles Adams and Sandra Kemp, were found in a car parked near a service station at 2 A.M., which car belonged to Charles' brother, David. As the police officer approached the car, they ducked down in an attempt to avoid being seen. It was later discovered that the service station had been burglarized by David Adams. All three were found guilty of burglary. The court stated that in order to sustain convictions of Charles Adams and Sandra Kemp it must be established beyond a reasonable doubt that they "'(1) * * * solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offenses; (2) that this participation must have taken place either before or during the commission of the offenses; and (3) that it must have been with the concurrent, specific intent to promote or facilitate the commission of the offenses * * *'" (8 Ill.App.3d 62, 66.) The court held that the evidence fell short of establishing any one of the three propositions beyond a reasonable doubt.

The facts in that case are distinguishable from those at bar where there was sufficient interaction between the principal and the defendant to establish the three propositions beyond a reasonable doubt. In the instant case the defendant and the principal arrived together and left at the same time. The principal returned to the car and spoke with the defendant on two occasions, and after the principal had finished cutting

the chain, he motioned to the defendant, at which time the defendant drove away.

In the case of *People v. Barnes* (1971), 2 Ill.App.3d 461, the court held that one may be convicted of a crime without having participated actively in overt acts, and a jury was entitled to look to surrounding circumstances to find that the defendant was not merely present but was an active participant in the crime.

After reviewing the record, we conclude there was sufficient evidence to establish that the defendant was guilty beyond a reasonable doubt. ■■ Finally, the defendant contends the sentence of 90 days was excessive because he had no record of prior convictions. The record reveals the trial judge had the benefit of a presentence investigation report as well as the opportunity to observe the defendant, and the sentence was well within the statutory limitations. Under these circumstances we do not believe the sentence imposed was an abuse of the court's discretion.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and JOHNSON, JJ., concur.