## 52881. BYRD v. BRAND.

DEEN, Presiding Judge.

1. Following verdict and judgment for the defendant Brand and the denial of the plaintiff's motion for new trial, the latter appealed to this court. The final enumeration of error, here dealt with first, complains of the court's charge that "the dispute in this case is simply whether the plaintiff dealt with the defendant as an individual proprietor or dealt with a corporate entity." This instruction was entirely correct and summarizes the only issue in the case: whether Byrd, who, doing business as Byrd's Concrete Products, sold various products over a period of years to Ronnie Brand as an individual or whether he sold the products to Brand Enterprises, Inc., a corporation of which the defendant is president and sole stockholder. Brand admitted that the debt existed but testified that it was a corporate debt; that he was neither purchaser nor guarantor, and that he had so informed the plaintiff from the beginning. The plaintiff contended only that he had talked with Brand at some unidentified time about the account and understood Brand to have represented to him that he would be personally responsible for purchases. He did not deny that he was aware of business signs reading: "Brand Enterprises, Inc." and thus on notice of the corporate identity; that he had received letters using this letterhead relating to payment of bills; that checks received were printed in the

corporate name and address; that all goods sold were used in the business of the corporation, and so on. At best, a jury question was presented on the issue, and the jury decided in favor of the defendant's position that he neither purchased on his own credit nor guaranteed the credit of the corporation. " 'One person may own all the stock of a corporation, and still such individual shareholder and the corporation would, in law, be two separate and distinct persons.' *Waycross Air-Line R. Co. v. Offerman &c. R. Co.,* 109 Ga. 827, 828 (35 SE 275); *Shingler v. Shingler,* 184 Ga. 671, 672 (3) (192 SE 824)." *Keller Bldg. Products v. Young,* 137 Ga. App. 682 (1-b) (224 SE2d 815). As pointed out in *Keller* the sole owner of a corporation may make himself liable in various ways, by fraud, by obtaining credit on his personal assumption of responsibility, etc. The jury here believed the defendant's version of the handling of accounts between the plaintiff and his corporation. The instruction was proper, and the verdict for the defendant is not contrary to law.

2. The court did not err in sustaining an objection to the question: "How much money have you been able to borrow for your corporation simply in its corporate name without you being responsible for it?" There is no showing that the defendant's dealings with other creditors had any relevancy to the transaction in question, and the testimony was therefore inadmissible as res inter alios acta. *McGriff v. McGriff,* 154 Ga. 560, 566 (155 SE 21); *Ga. State Savings Assn. v. Wilson,* 189 Ga. 21 (3) (5 SE2d 14).

3. The plaintiff objected to the introduction of form letters addressed to "all suppliers" on corporation stationery and received by the plaintiff, having reference to the time and manner of payment of invoices under corporation policy. The letters were properly admitted for the purpose of showing notice to the plaintiff, among others, that it was dealing with a corporate entity.

4. "In all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as practicable and convenient, but no mere irregularity shall exclude the witness." Code § 38-1703. The rule was invoked in this case and a defense witness was withdrawn from the courtroom. Thereafter

plaintiff objected to allowing her to testify on the ground that she had been seen at lunch eating with the defendant. The objection is groundless and was properly overruled. Nothing in the Code section prohibits anything other than the *examination* of witnesses out of the hearing of each other; it says nothing about other contact. The court properly observed that nothing in his order referred to contact between a party and his witnesses at other times. Even though a witness flaunts the rule and subjects himself to a contempt proceeding, this does not as a matter of law render him incompetent to testify. *Green v. State,* 125 Ga. 742 (5) (54 SE 724).

*Judgment affirmed. Webb and Smith, JJ., concur.*

Submitted October 5, 1976 — Decided October 22, 1976.

*Austin J. Kemp, II,* for appellant.