**UNITED STATES**

v.

**First Lieutenant Daniel W. WALKER, III, 249–06–4231 FV, United States Air Force.**

**ACM 23288.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 July 1981.

Decided 19 Feb. 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain S. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Contrary to his pleas, the accused was convicted of wrongful use and possession of marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a dismissal, three months confinement at hard labor, and forfeiture of $500 per month for three months.

## I

During November 1980, the accused attended an off-base party in Cheyenne, Wyoming. Approximately 20–30 people were present. Also at the party were two policewomen from the Cheyenne Police Department. Both officers were familiar with the odor and appearance of marijuana cigarettes through prior use and formal training. During the evening they saw the accused light and use a thin hand-rolled cigarette that was pinched at both ends. From the way the accused smoked the cigarette and the odor it gave off they identified the substance as marijuana.

Later that evening, pursuant to a search warrant issued by Cheyenne civil authorities, a "roach" was found in an ashtray near the couch where the accused was sitting; a second "roach" was found on the living room floor about 4–8 feet from the couch. A field test and laboratory analysis confirmed the substance as marijuana.

## II

Appellate defense counsel urge that the testimony of the police officer who found the cigarettes and did the field test and the laboratory technician who did the analysis should have been excluded because the Government did not comply with the disclosure requirements of Mil.R.Evid. 311(d)(1).*
Appellate government counsel respond that the rule is limited to disclosure of *real evidence* which the prosecution intends to of-

fer at trial. They further contend that under Mil.R.Evid. 103(a), failure to object at trial waives any required disclosure. We disagree with the Government's first contention.

■ By its very terms, Rule 311(d)(2)(C) includes *derivative* evidence. Thus, we are unable to conclude that the rule which purports to encompass the exclusionary rule is limited to real or demonstrative evidence but excludes testimony. *United States v. Nazarian*, 23 U.S.C.M.A. 358, 49 C.M.R. 817 (1975); *United States v. Armstrong*, 22 U.S. C.M.A. 438, 47 C.M.R. 479 (1973). As to the second contention, we are reluctant to apply the waiver provisions of Rule 103(a) because to do so would render the provisions of Rule 311(d) unnecessary and ineffectual. Therefore, we choose to resolve any issue of waiver, in this case, within the context of Rule 311(d), itself.

■ We believe Mil.R.Evid. 311(d) is procedural in nature. It is patterned after Rule 12 of the Federal Rules of Criminal Procedure and furthers discovery. It's purpose is to inform the defense of evidence which the Government intends to use and to which the defense may want to object. It is designed to encourage the pretrial consideration of evidentiary problems so that disputes not immediately relevant to the question of guilt are eliminated from the trial. The rule assures that motions to suppress or objections to the evidence will be raised at the time and in the forum best-suited for

---

* Rule 311. Evidence Obtained From Unlawful Searches and Seizures

    \*　\*　\*　\*　\*　\*

(d) Motions to suppress and objections.
(1) DISCLOSURE. Prior to arraignment, the prosecution shall disclose to the defense all evidence seized from the person or property of the accused, or believed to be owned by the accused, that it intends to offer into evidence against the accused at trial.
(2) MOTION OR OBJECTION.
  (A) When evidence has been disclosed under subdivision (d)(1), any motion to suppress or objection under this rule shall be made by the defense prior to submission of a plea. In the absence of such motion or objection, the defense may not raise the issue at a later time except as permitted by the military judge for good cause shown. Failure to

so move or object constitutes a waiver of the motion or objection.
  (B) If the prosecution intends to offer evidence seized from the person or property of the accused that was not disclosed prior to arraignment, the prosecution shall provide timely notice to the military judge and to counsel for the accused. The defense may enter an objection at that time and the military judge may make such orders as are required in the interests of justice.
    (C) If evidence is disclosed as derivative evidence under this subdivision prior to arraignment, any motion to suppress or objection under this rule shall be made in accordance with the procedure for challenging evidence under (A). If such evidence has not been so disclosed prior to arraignment, the requirements of (B) apply.

their proper resolution. The imposition of waiver for failure to move to suppress or object to evidence, following disclosure, recognizes the need to preclude initial admissibility contest at some less appropriate time, such as, on the appeal of the case. By prescribing time notice to the military judge and counsel for the accused in the event of disclosure after arraignment, any prejudice occasioned by surprise is minimized. The fact that the rule does not provide sanctions against the prosecution for failure to disclose and does permit the military judge to resolve questions foreclosing defense challenges, further supports our view that the rule is principally concerned with trial procedure and is not a substantive rule governing the admissibility of evidence. Therefore, failure to disclose the intention to offer the evidence does not make the evidence inadmissible *per se.*

■ There is no showing in this record that the prosecution as a pretrial procedural matter, either responded to the defense's general discovery request or, in any clear and definitive manner, affirmatively disclosed its intention to offer the testimony of the two witnesses concerning the results of tests performed on the substance seized at the site of the offense alleged against the accused. The lack of this showing denies to the Government, as the proponent of the evidence, the claim that the defense's failure to move to suppress or object constituted waiver of any challenge to the evidence.

■ Although the absence of this showing thus prevents the prosecution from benefitting from the application of waiver under Rule 311(d), the record does indicate with sufficient clarity that the defense was not in any sense surprised or otherwise impermissibly prejudiced by the offer of the evidence. The police officer who found the marijuana cigarette and conducted the field test testified at the pretrial investigation. The trial counsel, during his voir dire of court members, announced that the witnesses who conducted the tests would testify. In his opening statement to the members, he declared that the Government would rely upon witnesses' conclusions in proving its case. Later, the defense was confronted with this evidence against the accused and cross-examined to test its reliability. The defense counsel was aware that the source of the testimony was obtained during an authorized search and seizure. There is not the slightest suggestion in the record that the defense questioned the legality of this search. Finally, the substance of the defense's attack on the admissibility of the evidence was not its identity, but its materiality to the accused's case. Our review reveals that they were given full and fair opportunity to amply explore this matter and, in our judgment, did so. Justice does not require more in this case.

### III

On appeal, as was done at trial, the defense contends that the evidence is insufficient to support a conviction for use and possession of marijuana. This assertion is two-fold: first, the two policewomen were unqualified to give an opinion as to the substance the accused used and possessed; and second, the two marijuana cigarettes found in the apartment lacked probative value since they were not shown to be connected with the accused. We disagree with both assertions.

■ The identity of a drug may be proved through the testimony of a witness who, though not an expert in the technical sense, has established a familiarity with the drug. *United States v. Richards,* 47 C.M.R. 544, 545 (A.F.C.M.R.1973).

■ Here both policewomen were familiar with the odor of burning marijuana through prior use and formal training; they were familiar with the physical appearance of marijuana cigarettes, i.e., thin, hand-rolled and pinched at both ends, and the unusual manner in which the smoke is inhaled. And finally, both saw the accused smoke the cigarette. We find their testimony to be clear, concise and certain. Both were competent to give their opinion as to the substance's identity; the extent of their prior use and training affects only the testimony's weight. *United States v. Villamil-*

*Durand*, 46 C.M.R. 1070 (A.F.C.M.R.1973). The discovery of marijuana cigarettes in a room near where the accused sat is clearly material. It corroborates the testimony of the police officers, and its probative value substantially outweighs the danger of unfair prejudice. Mil.R.Evid. 401, 403; *See also United States v. Borland*, 12 M.J. 855 (A.F.C.M.R.1981).

█ We are convinced beyond a reasonable doubt that the "thin, pinched at both ends, home-rolled" cigarette which the accused used and possessed contained marijuana. *United States v. Courts*, 4 M.J. 518 (C.G.C.M.R.1977).

## IV

Finally, the accused contests jurisdiction as to both offenses. This assignment of error is without merit. *United States v. Lange*, 11 M.J. 884 (A.F.C.M.R.1981).

For the reasons stated, the findings of guilty and sentence are

AFFIRMED.

POWELL, Senior Judge and MILLER, Judge, concur.