**UNITED STATES**

v.

**Airman First Class Ivan R. MORRIS, FR 487–66–8670 United States Air Force.**

**ACM 23311.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 July 1981.

Decided 23 April 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION AND ACTION UPON PETITION FOR NEW TRIAL

HODGSON, Chief Judge:

Contrary to his pleas, the accused was convicted of wrongfully using, possessing and transferring marijuana and soliciting another to wrongfully possess and transfer marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] The approved sentence extends to a dishonorable discharge, three years' confinement at hard labor, total forfeitures, and reduction to airman basic.

### I

The accused maintains that the evidence does not establish beyond a reasonable doubt that the substance he transferred during November 1980, and on 20 and 23 January 1981, was marijuana. (Specifications 3, 5 and 6, Charge II). We disagree with this assertion.

It is well established law that the identity of a drug may be proved through the testimony of a witness who, though not an expert in the technical sense, has established a familiarity with the drug. *United States v. Walker*, 12 M.J. 983 (A.F.C.M.R. 1982).

The identification of the questioned substance as marijuana was provided by Airman Basic Sneed and Airman Moore. Both individuals had histories of drug abuse and military convictions for drug involvement. During direct and cross examination both established their familiarity with marijuana, and the basis for their identification of the substance the accused transferred as marijuana. We find their testimony to be

1. He was acquitted of additional allegations of wrongfully using methaqualone and lysergic acid diethylamide, wrongfully transferring mar-ijuana, and soliciting another to wrongfully possess lysergic acid diethylamide.

clear, consistent and certain. The extent of their prior familiarity affects only the testimony's weight. *Walker, supra.* We are convinced beyond a reasonable doubt that the accused transferred marijuana at the times alleged. *United States v. Courts*, 4 M.J. 518 (C.G.C.M.R.1977).

## II

■ Over objection by the accused, the military judge permitted Moore to describe the marijuana transfer alleged in Specification 3 of Charge II. Moore was not present, but related what Sneed had told him. The Government concedes that Moore's account of the transaction is hearsay.

We concur in the Government's concession that such testimony was inadmissible hearsay, but we find no prejudice. Sneed had already testified that the accused had transferred marijuana to him. Moore's recitation of that fact was merely cumulative. *United States v. Whisenhant*, 17 U.S.C.M.A. 117, 37 C.M.R. 381 (C.M.A.1967).

## III

■ Urging that two material witnesses, Sneed and Moore, perjured themselves, the accused has filed a petition for a new trial claiming fraud on the court. He bottoms this claim on affidavits executed by Sneed and a cellmate of Moore, both of which indicate that Sneed and Moore lied about the accused's drug involvement during the trial.

Sneed, in a brief affidavit submitted after his release from the Air Force, stated his testimony in the accused's trial was false and resulted from "being pressured by the prosecution and the OSI" who stated "he would receive twenty years if he did not testify as he did." Sneed also stated the marijuana in the "case" was his and not the accused's.

2. On 5 February 1981, Sneed offered to provide information and to testify against the accused in consideration of the following:

   A). Referral of any pending or contemplated charges against him, if at all, to trial by special court-martial;

The Government has offered affidavits and documents establishing that Sneed's testimony was the result of a negotiated plea initiated by him, through his defense counsel, and not the result of any pressure or threats.[2] The record also reveals that Sneed recanted testimony on an earlier occasion. During the pretrial investigation Sneed refused to verify the truthfulness of a written statement he had earlier given the Office of Special Investigation (OSI) saying it was untrue. The next day, he retracted that testimony, stating he had so testified only because he feared what the accused might do to him or his family. The conflicting versions of Sneed's story were fully explored by the accused at trial.

The basis for asserting that Moore perjured himself is an affidavit of Private James C. Humr, Jr., Moore's cellmate at the Fort Carson Confinement Facility. In the affidavit Humr relates conversations with Moore in which Moore indicated the accused was innocent of everything with which he was charged. Moore maintained he had lied to save himself and in "no way was he [the accused] a doper." Moore further stated he did not feel all that bad, since once he got free and out of the service, he would tell the Air Force how he lied to save himself. At trial, Moore admitted he had told others he had to testify against the accused because of charges that were pending against him.

Appellate counsel contend that these two affidavits justify ordering a new trial. They view Sneed's pretrial agreement with the Government as his motive to lie about the accused's drug involvement. Further, they urge that the affidavit of Sneed meshes with the conversation attributed to Moore, making it likely the accused was unjustly convicted.

United States courts, military and civilian, have always looked upon the recanta-

   B). disapproval of any bad conduct discharge that may be adjudged against him; and
   C). processing of any administrative discharge action against him by individual evaluation.

tion of sworn testimony by material witnesses with the utmost suspicion. *United States v. Bacon*, 12 M.J. 489 (C.M.A.1982); *United States v. Ragan*, 32 C.M.R. 913 (A.F. B.R.1962); aff'd 14 U.S.C.M.A. 119, 33 C.M.R. 331 (C.M.A.1963); *United States v. Coleman*, 460 F.2d 1038 (8th Cir. 1972); *United States v. Gebhart*, 436 F.2d 1252 (8th Cir. 1971); *In Re Weber*, 11 Cal.3d 703, 114 Cal.Rptr. 429, 523 P.2d 229 (Cal.1974); *State v. Jackson*, 223 N.W.2d 229 (Iowa 1974); *see generally*, 33 A.L.R. 541, 550. Criminal trials would always be in turmoil and justice would be ill-served by a policy that a verdict must be set aside when a material witness, for some reason decides to repudiate sworn testimony. *Commonwealth v. Gwizdoski*, 284 Mass. 578, 188 N.E. 383 (Mass.1933). Further, such statements should be looked at with particular skepticism when the declarant is no longer subject to the court's jurisdiction. As always, when a new trial is sought on the ground that a witness has subsequently stated that the testimony given at trial was perjured, the question is, when did the witness tell the truth?

Chief Judge Quinn, in *United States v. McCarthy*, 4 U.S.C.M.A. 385, 15 C.M.R. 385 (C.M.A.1954), answered the question thus:

> The owner's present statement impresses us as a belated attempt to assist the accuseds who were, and perhaps still are, his friends. It falls far short of establishing the claim of fraud.

Sneed and Moore were acquaintances of the accused, and accomplices in some of the offenses of which he was convicted. The motivation of each to testify as they did was fully examined at trial. Finally, much of the information that the accused now says warrants a new trial was known to the court members.

In summary, Sneed's affidavit and the statements attributed to Moore impress us as a delayed attempt to help a former associate. *Bacon, supra*.

In view of the foregoing, the Petition for New Trial is DENIED. We have considered the remaining assignments of error and resolve them adversely to the accused.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.