**UNITED STATES of America, Plaintiff,**

v.

**O. Z. BARBER, a/k/a Albert O. Z. Barber, Defendant.**

**No. H CR 82–5.**

United States District Court,
N. D. Indiana,
Hammond Division.

June 7, 1982.

R. Lawrence Steele, Jr., U. S. Atty., Valparaiso, Ind., Paul A. Murphy, Asst. U. S. Atty., Hammond, Ind., for plaintiff.

David Capp, Cohen & Thiros, Merrillville, Ind., for defendant.

## ORDER

KANNE, District Judge.

This matter is before the Court on the defendant's motion for a new trial and the government's response thereto. On May 21, 1982, prior to imposing sentence, the Court denied defendant's motion. At this time the Court will set out its reasons for denying defendant's motion.

On April 9, 1982, O. Z. Barber, a/k/a Albert O. Z. Barber, was found guilty by a jury of distributing a controlled substance in violation of 21 U.S.C. § 841(a). One of the witnesses the government called at trial, Karsten Johnson, was a paid informant for the Drug Enforcement Administration during 1981 and 1982. At trial this fact was brought out on both direct and cross examination. In his motion for a new trial the defendant contends that government's failure to disclose that Johnson had been a paid informant for D. E. A. in 1973 and 1974 was so prejudicial that he should be granted a new trial.

The fact that Johnson was on D. E. A.'s payroll in 1973 and 1974 is not in and of itself enough to warrant granting a new trial. At most this information could have been used to call Johnson's credibility into question. Newly discovered evidence which is merely impeaching is not sufficient to warrant granting a new trial. *United States v. Ellison*, 557 F.2d 128 (7th Cir. 1977).

Nor does the government's failure to disclose Johnson's previous employment by D. E. A. entitle him to a new trial under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10

L.Ed.2d 215 (1963). Under *Brady,* the prosecution is required to disclose material evidence favorable to the defendant.

■ In *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) the Supreme Court outlined three factual situations in which undisclosed evidence might be found "material" under *Brady.* As identified by the Seventh Circuit in *United States v. Weidman,* 572 F.2d 1199 (7th Cir. 1978) those situations are:

1. the undisclosed evidence demonstrates that the prosecution's case included perjured testimony;

2. the defense made no request, or only a general one, for the undisclosed material;

3. the defense made a specific request for the evidence.

A review of Johnson's testimony indicates that the closest he came to perjuring himself was when, on direct examination, he was asked when he had first started working for D. E. A. Johnson's reply was "July of '81."[1] Given the questions that he had been asked to that point it was not unreasonable for Johnson to think that the question was only concerned with his recent employment as an informant. Johnson was never asked, on direct or cross examination, if he had ever been an informant for D. E. A. before. A negative answer to such a question would have brought Johnson much closer to perjury than the question above did.

Once perjury has been ruled out the court must examine the nature of any requests for disclosure made by the defendant. In his Amended Motion for Discovery the defendant asked the government to acknowledge that an informant named Carlton Johnson (sic) figured in its case and to provide certain information about him. Specifically the defendant asked that the government provide the following:

a) Confirmation of the participation of Carlton Johnson in the alleged transaction

b) Current address and whereabouts of Carlton Johnson

c) FBI "rap sheet" or other documentation indicating any contact between law enforcement agencies and Carlton Johnson and showing any prior criminal convictions of Carlton Johnson

d) Nature and extent of any plea negotiations, agreements not to prosecute or promises of favorable treatment entered into between the government and Carlton Johnson.

This court does not consider any of these requests to be a specific request for disclosure of any past use of Johnson as an informant.[2]

■ Thus, it would appear that the factual situation involved here falls into the second category—no request or only a general one, for the undisclosed material—enumerated by the Seventh Circuit in *Weidman.* In such a situation the defendant is entitled to a new trial only if "the omitted evidence creates a reasonable doubt [about the defendant's guilt] that did not otherwise exist." *United States v. Agurs,* 427 U.S. 97, 112, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342 (1976).

As pointed out above, Johnson's employment by D. E. A. as a paid informant from July 1981 to January 1982 was brought out on both direct and cross examination. While defense counsel might have been able to use Johnson's earlier employment as an informant in a further effort to impeach him there is no way of telling how signifi-

---

1. Johnson also was asked on cross examination if he had started working for D. E. A. in July of 1981. Johnson responded in an affirmative fashion.

2. The language "... other documentation indicating any contact between law enforcement agencies and Carlton Johnson ..." in item (c) could be read, possibly, to include the information about Johnson that was not disclosed.

Working as an informant would certainly qualify as a "contact" with a law enforcement agency but it is not the sort of thing that would be found on a "rap sheet." Given what precedes and follows the quoted language the court believes that the government's conclusion that item (c) was merely concerned with arrests and convictions was reasonable.

cant an effect, if any, it would have had. In the opinion of the court, even if defense counsel had been able to use the undisclosed material to impeach Johnson it very likely would have been cumulative.

In addition the court would disagree with defense counsel's characterization of Karsten Johnson as the government's "principal" witness. There were other witnesses—such as the undercover agent who worked with Johnson—who observed or participated in the transaction and who testified in a credible manner at trial.

As the court finds that, in the context of the entire record, the additional evidence which could have affected Karsten Johnson's credibility does not create a reasonable doubt about the defendant's guilt, the defendant's motion for a new trial is hereby DENIED.