UNITED STATES

v.

Airman First Class Gregory J. EVANS, FR 306–74–4006 United States Air Force.

ACM S25972.

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 Feb. 1983.

Decided 25 Aug. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Kathleen G. O'Reilly.

Appellate Counsel for the U.S.: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

DECISION AND ACTION UPON PETITION FOR NEW TRIAL

HODGSON, Chief Judge:

Contrary to his pleas the accused was convicted of wrongfully possessing and using marijuana and violating a general regulation by possessing drug abuse paraphernalia in violation of Articles 134 and 92, U.C. M.J. 10 U.S.C. §§ 934 and 892. He was sentenced to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $300.00 per month for six months and reduction to airman basic.

## I

The evidence established that on 6 November 1982, Airman Gilbert drove his car to Amsterdam, where he met the accused. The two of them stayed in the same hotel room, and the accused had a camera lens case with him. Gilbert returned to Zweibrucken Air Base alone, and prior to leaving Amsterdam cleaned his car and saw no lens case in it.

On Monday, 8 November, Gilbert met the accused in the barracks between 1300 and 1400 hours and loaned him the car. Later that afternoon Gilbert was arrested by the German Customs Police who located his car at the Post Office parking lot. The accused was arrested at work and denied using Gilbert's car. A search of the vehicle disclosed 69 grams of marijuana in a camera lens case located behind the passenger seat. The accused admitted that the lens case was his, but maintained it had been missing since his trip to Holland. The keys to Gilbert's car were found in the grass adjacent to a parking lot where the accused worked.

The German authorities searched the accused's off-base apartment and found two make-shift pipes fashioned from aluminum foil containing marijuana residue. Senior Airman Rasmussen shared the apartment with the accused until shortly after the accused was arrested. During the period they lived together Rasmussen saw the accused smoke "something" in a "tin foil" pipe three or four times. Rasmussen stated he had never used marijuana, but identified the odor as burning marijuana based on a "controlled burn" of known marijuana provided him by law enforcement officials.

The accused testified that he left the lens case in Gilbert's car in Amsterdam after taking pictures. He does not remember where in the car he left the case. Airman First Class Henry works with the accused and spent most of 8 November with him; they went to lunch together at 1230 hours. The accused said nothing about needing a car.

## II

■ Appellate counsel argues that since Rasmussen never saw what the accused was "smoking" in the aluminum foil pipes, and Rasmussen himself had never used marijuana, there is insufficient proof that the accused used marijuana during the period alleged. We disagree.

■ We have stated many times that the identity of a drug may be proved through the testimony of a witness who, though not an expert in the technical sense, has established a familiarity with the substance. *United States v. Morris,* 13 M.J. 666 (A.F.C.M.R.1982); *United States v. Walker,* 12 M.J. 983 (A.F.C.M.R.1982); *United States v. Richards,* 47 C.M.R. 544 (A.F.C.M.R.1973). We will take judicial notice that burning marijuana has a distinctive odor. *State v. Medders,* 153 Ga.App. 680, 266 S.E.2d 331 (1980); *People v. Hilber,* 69 Mich.App. 664, 245 N.W.2d 156 (1976); *People v. Troy,* 70 Misc.2d 799, 334 N.Y.S.2d 953 (1972); *see also United States v. Cunningham,* 11 M.J. 242, N. # 5 (C.M.A.1981). A sense of smell may be used to identify a substance. *See Green v. State,* 125 Ga. 742, 54 S.E. 724 (1906) (witness not a chemist permitted to identify the odor of carbolic acid); *Miller v. State,* 50 S.W. 704 (Tex.Cr.App.1899) (witness allowed to testify to the odor of chloroform). Although Rasmussen was a nonuser of marijuana he became familiar with its odor after a law enforcement agent burned some in his presence. There is no requirement that the witness be a drug abuser. What is needed is a familiarity with the drug and its properties, i.e., odor, and this familiarity may come from formal or informal training and experience. *United States v. Jackson,* 49 C.M.R. 881 (A.F.C.M.R.1975). Further, Rasmussen's testimony was corroborated when aluminum foil pipes such as he described and which contained marijuana residue were found in the accused's apartment. We are convinced beyond a reasonable doubt that the accused used marijuana during the period alleged. Article 66(c), *Code,* 10 U.S.C. § 866(c), *supra; United States v. Jackson, supra; United States v. Guzman,* 3 M.J. 1062 (A.F.C.M.R. 1977).

## III

■ The accused, in his petition for a new trial, claims that Gilbert lied when he testified that he (accused) had borrowed Gilbert's car on 8 November, the day the marijuana was discovered. To support his claim the accused offers the affidavits of Airman Basic Jimmy A. James and Airman First Class John L. Garris. Both affiants stated that Gilbert admitted to them that his testimony concerning the car keys was false. According to James he spoke with Gilbert on 10 November 1982, and Gilbert indicated that when he was arrested by the German police his car keys were in a jacket under a table in the barrack's day room. That was the reason that he [Gilbert] did not have the car keys with him to open his car so that the German police could search it. James did not come forward with this information at the accused's trial because his own court-martial was scheduled for 25 March 1983.[1]

Garris stated that just after the accused's trial was over, he confronted Gilbert in the barracks over the latter's testimony concerning the car keys. Gilbert admitted to Garris that the accused did not have his car keys, and he gave the German police the accused's name because that was the first one that came to mind. Gilbert also indicated that his car keys were left in a jacket in the dayroom. Gilbert did not know how they were discovered near where the accused worked. He surmised that they may have been stolen from the jacket. Garris did not say why he waited two months to disclose his conversation with Gilbert.

In *United States v. Morris, supra,* a similar situation was before this Court. In denying the accused's petition for a new trial we stated:

United States Courts, military and civilian, have always looked upon recantation of sworn testimony by material witnesses

with the upmost suspicion. Criminal trials would always be in turmoil and justice would be ill-served by a policy that a verdict must be set aside when a material witness, for some reason, decides to repudiate sworn testimony (citations omitted).

The situation now before us is one step removed from *Morris, supra.* There, one of the two material witnesses submitted a post trial affidavit saying he had lied at trial. In the case at bar the accused submits affidavits averring that what a key prosecution witness said out of court conflicted with his testimony at trial.[2] The affidavits clearly contain statements tending to impeach Gilbert. Both federal and state courts take the position that after-discovered evidence that merely impeaches or discredits a prosecution witness is insufficient to justify a new trial. *United States v. Kozak,* 438 F.2d 1062 (3d Cir.1971); *Wilke v. United States,* 422 F.2d 1298 (9th Cir. 1968); *United States v. Barber,* 539 F.Supp. 1213 (D.C.N.D.Ind.1982); *State v. Goldman,* 281 A.2d 8 (Me.1971); *State v. Wycoff,* 180 Neb. 799, 146 N.W.2d 69 (1966). We find this rule to be well-reasoned and to have application in this case. In view of the foregoing, the Petition for New Trial is DENIED.

■ One additional matter requires comment. The accused was ordered to forfeit $300.00 per month for six months. In his action the supervisory authority incorrectly stated that the approved partial forfeitures applies to the accused's pay *and allowances.* Allowances are not forfeited unless the approved sentence includes the forfeitures of all pay and allowances. M.C.M.1969 (Rev. ed), para. 126*h*(2); *United States v. Mahone, et al.,* 14 M.J. 521 (A.F.C.M.R.1982). Accordingly, that portion of the supervisory authority's action with purports to apply

---

1. James was convicted by general court-martial on 25 March 1983 for multiple drug offenses. His conviction was affirmed by the Air Force Court of Military Review on 20 July 1983.

2. We note that Gilbert's testimony did not concern the accused's conviction for using marijuana and possessing drug abuse paraphernalia (Specification of Charge I and Specification 2 of Charge II). Apparently, the accused seeks a new trial only with regard to Specification 1 of Charge II.

forfeitures to allowances is set aside. The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MILLER, Judge, concur.