# UNITED STATES

v.

# Staff Sergeant Ronnie SPANN, FR 266–33–4534 United States Air Force.

## ACM 25544.

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 June 1986.

Decided 5 March 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Charles E. Ambrose, Jr.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Kathryn I. Taylor.

Before HODGSON, FORAY and HOLTE Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

This is an appeal from a bench trial conviction of a single allegation of drug abuse.

Appellate defense counsel assign three errors which will be discussed *seriatim.* However, upon finding no error we affirm.

## I

■ On 17 December 1985, the appellant provided his first sergeant a urine specimen in which the gas chromatography/mass spectrometry analysis confirmed the presence of cocaine metabolites. At trial, defense counsel moved to suppress the test results arguing that the appellant's consent to the seizure of his urine was not voluntary. See Mil.R.Evid. 314 and 316. After hearing evidence on this issue, the trial judge made extensive findings of fact which, in summarized form, state:

1) On 17 December 1985, the appellant's first sergeant, Master Sergeant Fowler, in the company of Staff Sergeant Chip, asked the appellant to consent to a urinalysis test. Fowler recalled words to the effect that either "we" or "The commander and I would like you to voluntarily consent to a urinalysis to rule out drugs as the cause of your financial problems." Chip did not recall the exact words used.

2) The appellant responded immediately to the request with the statement, "Sure. Okay. No problem." Both Fowler and Chip were sure of the appellant's response. The appellant was asked to sign a previously completed Air Force Form 1364, Consent to Search and Seizure. Fowler went over the Form with the appellant and emphasized the voluntary nature of the agreement. The form was then signed by the appellant, Fowler and Chip.

3) The group then moved to Fowler's adjacent office where he obtained a previously-completed Norton AFB Form 15, Drug Testing Notice, from Chip. This Form is apparently used locally to notify individuals that they have been selected for drug testing, and has no block to indicate that the testing is voluntary. The appellant signed the Form and was taken by Fowler to the testing area where he provided a urine sample.

4) In early December, the appellant applied for an Air Force Aid Loan of about $500.00. While the application was being processed, the appellant's estranged wife called Fowler and provided information suggesting that the appellant had an history of cocaine involvement.

On these facts the trial judge denied the motion to suppress holding that the appellant's decision to provide the urine sample was voluntary and made in a non-coercive environment. He further concluded that the alacrity with which the appellant agreed to the request was indicative of something more than mere acquiescence. Additionally, he found that the use of the Norton Form 15 was of no legal consequence as it merely recorded that a urine specimen was taken, and did not indicate a withdrawal of consent by the appellant.

■ We find nothing in this record to warrant overturning the judge's conclusion that the appellant freely and voluntarily consented to providing a urine sample. The totality of the circumstances must be considered in determining whether the consent was voluntary. *United States v. Stoecker,* 17 M.J. 158 (C.M.A.1984). Appellate defense counsel assert that the military judge erred when he ruled that the Norton Form 15 had no effect on the appellant's initial consent to search as this ruling is unsupported by an evidence of record. To the contrary, we find no evidence, testimonial or otherwise, that the appellant attempted to withdraw his earlier consent. *See generally United States v. Reynolds,* 1 M.J. 823 (A.F.C.M.R.1976).

## II

In his opening statement trial defense counsel asserted:

[T]he defense ... is not contesting the validity of the urinalysis testing conduct[ed] on [the appellant's] urine sample given on 17 December '85 nor are [we] contesting the chain of custody at any of the [testing] facilities where the urine sample was sent for either initial or confirmatory testing.

[T]he defense's position ... is that we do not believe that the Stipulation of Fact or any evidence ... presented in this court ... will supply the ... element ... [of] the wrongfulness of the use of cocaine. The stipulation of fact defense counsel referenced establishes the validity of the drug testing program and the procedures used in collecting and processing the appellant's urine. Additionally, the stipulation acknowledged that a positive finding of cocaine metabolites in urine is indicative of ingestion of cocaine.

■ Appellate defense counsel argue that the prosecution's evidence which consisted of the stipulation of fact just discussed is insufficient to support the appellant's conviction of cocaine abuse. In a separate claim of error counsel also maintain the stipulation previously described was "confessional" in nature and should not have been accepted by the trial judge. The appellant, for his part, denied knowingly using cocaine during the period alleged and suggested that the presence of cocaine metabolites in his urine may have been caused by medication, i.e., codeine tablets [1] prescribed to ease the pain of a shoulder injury.

The general thrust of the appellant's argument on this issue is two-fold: first, a laboratory report stating that cocaine metabolites were found in an individual's urine is not proof beyond a reasonable doubt that the individual knowingly used cocaine; and second, where evidence has been introduced by the defense that the ingestion was innocent, the prosecution must offer additional proof to the contrary. In short, an assertion of the innocent ingestion of a controlled substance by an accused negates the inference of wrongfulness which is an element of the offense. Article 112a, U.C.M.J., 10 U.S.C. § 912a.

■ As to the appellant's claim that a laboratory report does not provide the required standard of proof, the Court of Mili-

tary Appeals in *United States v. Harper*, 22 M.J. 157 (C.M.A.1986), at page 159 addressed this point, saying:

> We hold that ... laboratory results of urinalysis coupled *with expert testimony* explaining them constituted sufficient evidence to support the military judge's finding beyond a reasonable doubt that the appellant used [a controlled substance]. Emphasis added.

As seen in *Harper* one way to explain the scientific principles of urinalysis in establishing that an accused used a controlled substance is though in-court expert testimony. However, this is not the only way and any lawful substitute in the record can provide a rational basis upon which the factfinder—here the trial judge—could infer that cocaine was used. *United States v. Murphy*, 23 M.J. 310 (C.M.A.1987). Here, the stipulation of fact entered into by the appellant stating that presence of cocaine metabolites in urine establishes the ingestion of cocaine, provides that rational basis.

■ This, of course, brings us to appellate counsel's argument that the stipulation was "confessional" in nature. We agree that the stipulation before us did "amount practically to a confession," but such a stipulation is admissible if the accused first knowingly, intelligently and voluntarily consented to its admission. *United States v. Bertelson*, 3 M.J. 314 (C.M.A. 1977). Here, the military judge discussed in great detail with the appellant the "confessional nature" of the now challenged stipulation. In our view he clearly fulfilled the mandate of *Bertelson*. The stipulation was properly admitted.

■ Finally, in *United States v. Ford*, 23 M.J. 331 (C.M.A.1987), Judge Sullivan, writing for an unanimous court, held that a conflict of evidence, i.e., a denial of conscious ingestion of a controlled substance does not bar use of an inference of wrongfulness as permitted by the Manual for

---

1. We take judicial notice that codeine is a derivative of opium and cocaine is obtained from the leaves of ENYTHROXYLON COCA and that the two are not chemically related. Stedman's Medical Dictionary, 22d Edition, pages 263 and 265. *See also United States v. Evans*, 16 M.J. 951 (A.F.C.M.R.1983).

Courts-Martial and judicial decisions. This conflict simply means that the factfinder must resolve this question before deciding whether the inference should be drawn. Evidence which contradicts directly or circumstantially this inference does not *per se* bar drawing the inference or require that the prosecution introduce evidence that the accused intentionally ingested the controlled substance.

■ The language and guidance contained in the *Harper-Murphy-Ford* line of decisions convinces us beyond a reasonable doubt that the government met the required standard of proof in establishing the appellant's guilt. For the reasons stated the finding of guilty and the sentence are

AFFIRMED.

Senior FORAY and Judge HOLTE concur.