## UNITED STATES

v.

## Senior Airman William V. PELLMAN II, FR 461–49–6567 United States Air Force.

## ACM S27301.

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 May 1986.

Decided 22 May 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Harry L. Heintzelman, IV.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Major Kathryn I. Taylor.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

The appellant was found guilty, pursuant to conditional pleas of guilty, of wrongful use of marijuana and wrongful use of cocaine. The adjudged sentence, as announced by the president of the court-martial, was a bad conduct discharge, confinement for three months, forfeiture of "two-thirds" pay per month for three months and reduction to airman basic. A pretrial agreement limited confinement to 30 days. Accordingly, the special court-martial convening authority approved a sentence including bad conduct discharge, confinement for 30 days, forfeiture of $426.00 per month for three months and reduction to airman basic.

Appellate defense counsel correctly argue that the announced sentence was irregular. However, we do not agree with counsel's contention that the portion of the sentence including forfeiture was of no force and effect. The Manual requires that a partial forfeiture be stated in "the exact amount in whole dollars to be forfeited each month and the number of months the forfeiture shall last." R.C.M. 1003(b)(2). Timely action was not initiated to correct this discrepancy. *See* R.C.M. 1009(c)(2)(B); R.C.M. 1102(b). However, the appellant was not prejudiced in this case. The members received an instruction as to the maximum partial forfeiture, in whole dollars, if the appellant were reduced to the lowest enlisted grade. Therefore, we presume that the members understood the nature of the forfeiture they adjudged, even though it was not expressed in the required manner. The convening authority properly converted this portion of the sentence to

the exact dollar amount. This issue is of more than academic concern. Although we are ultimately setting aside the findings and sentence based on our discussion of another issue, the exact nature of the originally adjudged and approved sentence becomes critical if a rehearing is ordered. R.C.M. 810(d)(1), (2).

Evidence implicating the appellant in the use of controlled substances was obtained through urinalysis testing. The appellant unsuccessfully moved at trial to suppress the test results. His conditional pleas of guilty preserve the suppression issue for appellate review. R.C.M. 910(a)(2). This case is similar in many respects to *United States v. Spann*, 24 M.J. 508 (A.F.C.M.R. 1987), but with sufficiently distintinguishable facts and findings of fact by the military judge to require a different result. We find that the military judge's denial of the motion is contrary to certain of his findings and is not otherwise supported by the record.

At trial the appellant contended that his consent to provide urine for testing was not voluntarily obtained in accordance with Mil.R.Evid. 314(e)(4). The evidence produced during the hearing on the motion reflected that the appellant and his noncommissioned officer supervisor were directed to appear at the commander's office on 16 December 1985. When they reported to the commander, the latter advised the appellant that he was suspected of drug abuse and provided a rights advisement. Article 31, U.C.M.J., 10 U.S.C. § 831; *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967). The appellant acknowledged that he understood his rights, that he did not desire counsel and that he was willing to answer questions. The commander asked the appellant if he would consent to provide a a urine sample for testing. The appellant replied affirmatively. Coincidentally, a urinalysis inspection was being conducted of certain members of the organization at that time. Mil.R.Evid. 313. The appellant's work section was not included. The appellant was nonetheless advised of this fact and that it would be convenient for him to provide his urine along with the others from whom samples were being collected.

The appellant's first sergeant, who was also present, asked if the appellant would sign a local form signifying his consent to provide urine. The appellant acknowledged that he would. The first sergeant withdrew to another office to obtain a copy of the form. At this point a conversation ensued between the appellant and his commander. The witnesses, being the appellant, the commander, and the appellant's supervisor, differed somewhat in their recollections of the exact nature of the exchange. Based on the findings of the military judge, the appellant asked what his options were at that point. The commander responded that the appellant could either volunteer to provide urine or he, the commander, would order him to do so. The commander then added a comment which, the military judge specifically found, conveyed the thought that "it would be better not to have [the commander] issue an order." Shortly following this conversation the first sergeant reentered the room with the form. The appellant signed the form and, thereafter, provided a sample of his urine for testing.

The military judge addressed the commander's comment, in the course of what he designated as a finding, as follows:

The comment about, 'Our not wanting the commander to have to issue an order to go test,' was unnecessary, unprofessional and frankly stupid. Had that been stated before there was an assent to the testing, the remarks would clearly have been one of those coercive statements that can be seen as overcoming the will of an accused or coercing a particular result.

We accept the military judge's characterization of the commander's comment. See our discussion of an analogous situation in *United States v. Thompson*, 12 M.J. 993, 996 (A.F.C.M.R.1982).

Despite the military judge's characterization of the commander's comment, he concluded that the comment "did not influ-

ence the granting of consent." This conclusion was based largely on another "finding" that the appellant's "decision to consent to the urinalysis was complete when the accused responded affirmatively to [the commander's] request for testing." We will also accept the military judge's factual interpretation in this respect, although not without some hesitation. We believe it likely that the appellant considered his consent as other than "complete" at the time of his question about his options in view of his first sergeant's pending request that he sign a consent form.

The military judge found further: "The question about options was not a retraction of consent. While the accused may well [have] been giving the matter more thought, there was no withdrawal of consent." Nonetheless, it is clear enough that the appellant was attempting to elicit his options from the commander. Legally he had the option of withdrawing his consent at any time prior to providing a urine sample. Mil.R.Evid. 314(e)(3). In a legal sense, a consent for search is never "complete" up to the point of seizure. As noted above, the military judge found that under the circumstances the commander's remarks were coercive. If one is coerced into not pursuing a withdrawal of consent, have his rights been abridged any less than one who is coerced into initial acquiescence? We think not.

■ In this regard it is necessary that we address a separately stated rationale of the military judge in support of his conclusion that the commander's statement to the appellant did not render the latter's production of urine involuntary. The military judge observed: "The statement [that] the choices were to consent or to be directed is an accurate statement of the urinalysis situation. There may be different legal consequences; however, the commander is not required to give the accused a legal treatise on these consequences." This observation misses the point. While the prosecution need not demonstrate probable cause once a consent search has been established, neither a commander nor other government agent may actively mislead an accused into believing that probable cause exists if it does not. *United States v. Watkins*, 22 U.S.C.M.A. 270, 46 C.M.R. 270 (1973). *See United States v. Middleton*, 10 M.J. 123, 133–134 (C.M.A.1981), citing *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). Within the context of a meeting which began with an Article 31 rights advisement the clear implication of the commander's remark was that he could secure court-martial evidence by direction whether the appellant voluntarily provided a urine sample or not.

■ The record does not establish the nature of the information received by the commander which prompted his meeting with the appellant. If the information fell short of supporting probable cause to believe that the appellant had recently ingested a controlled substance, a command direction to provide urine would not produce admissible court-martial evidence. *United States v. Shepherd*, 24 M.J. 596 (A.F.C.M.R.1987). *See* Air Force Regulation 30–2, Social Actions Program, para. 5–8 (18 April 1986). Consequently, unless probable cause to order a search existed, the commander's statement that he might direct the appellant to provide a urine sample was materially misleading and, thus, improperly denied him the option of withdrawing his consent. In effect, the commander's guidance to the appellant was that withdrawal of consent was not a viable option.

Appellate government counsel's argument on this issue merits further discussion. Counsel state that one in the position of the appellant's commander in this case should not attempt to explain to a suspect the legal ramifications of electing one course of action over another. We readily agree. However, as we have noted in our discussion above, the commander's response to the appellant's query about his options did constitute a form of advice. The response clearly implied that the appellant had no useful legal option. We will accept for the sake of argument that the commander inadvertently misled the appel-

lant. This fact does not make the effect of the commander's comment any less damaging to the appellant's interests. The commander acted contrary to the very principle which is correctly stated by appellate government counsel. For the reasons heretofore stated we find that the military judge erred in admitting the urinalysis test results based on the record before him.

We note that the prosecution did not contend at trial, nor do appellate government counsel now argue, that the appellant's urine was collected pursuant to a unit inspection. While we do not foreclose future litigation of this issue, we observe that the record would not appear to support this theory of admissibility. *See United States v. Brown*, 12 M.J. 420 (C.M.A. 1982); *United States v. Middleton, supra; United States v. Shepherd, supra.*

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge SESSOMS and Judge STEWART concur.